## ALWARD v. GREEN et al.

No. 7649.   Decided July 1, 1952.   (245 P. 2d 855.)

See 72 C. J. S., Process, sec. 50. Service of process on non-residents doing business in state. 42 Am. Jur., Process, sec. 78; 91 A. L. R. 1327.

*Jack R. Decker, Glen E. Fuller,* Salt Lake City, for appellant.

*J. Grant Iverson,* Salt Lake City, for respondent.

**L. LELAND LARSON, District Judge.**

This case involves an interpretation of the Utah Rules of Civil Procedure governing suits against non-resident individuals conducting business in this State.

Rule 17(e), formerly part of Section 104-3-26.10, Utah Code Annotated 1943, Chap. 10, Sec. 2, Laws of Utah 1947, reads as follows:

"Rule 17(e) Action Against a Non-resident doing Business in this State.

"When a non-resident person is associated in and conducts business within the State of Utah in one or more places in his own name or a common trade name, and said business is conducted under the

supervision of a manager, superintendent, or agent, said person may be sued in his own name in any action arising out of the conduct of said business."

Rule 4(e) (10), formerly Sec. 104-5-11 (10), Utah Code Annotated 1943, Chap.9, Laws of Utah 1947, in substance, reads as follows:

"Rule 4(e) (10) Personal service in this State. Personal service within the state shall be as follows:

"Upon a natural person, nonresident of the State of Utah, doing business in this State at one or more places of business, as set forth in Rule 17(e), by delivering a copy thereof to the defendant personally or to one of his managers, superintendents or agents."

Section 104-3-26.10, U. C. A. 1943, Chap. 10, Sec. 3, Laws of Utah 1947, now Chap. 20, Sec. 2, Laws of Utah 1951, in substance, is incidentally involved, and is quoted as follows:

"Every non-resident person doing business as provided in * * * [Rule 17(e), Utah Rules of Civil Procedure] shall file or cause to be filed a certificate under oath, with the Secretary of State of the State of Utah, setting forth the name of and place of business of his manager, superintendent, or agent upon whom service of summons may be had and shall file said certificate setting forth the name of said manager, superintendent, or agent on or before the 15th day of January in each year with the Secretary of State of the State of Utah."

The defendant, R. E. Green, is an individual residing in the State of California and conducting business in that state under the firm name of National School Assemblies. From his place of business in California, he enters into contracts with various performers or entertainers who agree to perform at various schools in several different states in accordance with schedules arranged by defendant with such schools. From time to time defendant sends agents through the State of Utah and other states to solicit contracts for entertainment from various schools, all of which proposed contracts, after approval by the various

schools, are submitted to defendant for acceptance and approval at his office in California.

On February 10, 1947, the plaintiff who resides in Utah, after corresponding with the defendant in California, entered into a written contract with defendant, which agreement was signed by plaintiff in Salt Lake City, Utah, and transmitted by him to defendant in Los Angeles, California, where defendant signed and executed the contract.

So far as material to this case said contract provided that beginning September 1, 1948, and ending June 1, 1950, defendant would schedule performances for plaintiff in such schools in the different states as defendant might be able to schedule. Plaintiff agreed with defendant to present an agreed program at various schools at times and places to be scheduled for him by defendant. Plaintiff agreed to collect from the schools the fees for his performances and remit the fees to defendant, retaining from such fees, however, a minimum of $160 per week for his performances.

In connection with the aforesaid written agreement between plaintiff and defendant, the defendant gave to plaintiff a written power of attorney authorizing him to serve as business representative for National School Assemblies, to make all settlements, and to endorse and cash any checks made payable to National School Assemblies. The plaintiff did not use this power of attorney to transact any business in Utah for the defendant. It was given to plaintiff primarily for his convenience in connection with making settlements with the schools for his fees for performing and to cash checks which might be made out by the schools to the National School Assemblies, under which name the defendant contracted with the schools to furnish performers or artists.

In accordance with the terms of his contract above mentioned, plaintiff had fulfilled regular performances as scheduled for him by defendant in the latter part of

January, 1949. He was in eastern Oregon at the time and was proceeding by automobile through Idaho to South Dakota to meet a schedule performance the following Monday. Plaintiff claims that because unusually heavy snowstorms had blocked roads he traveled southward to Salt Lake City where he remained for about fourteen days.

At Salt Lake City, plaintiff mailed to defendant a check for fees collected by plaintiff for prior performances rendered. He also corresponded with defendant by mail, telephone and telegraph concerning the snowstorm and the condition of the roads. Plaintiff relies upon these acts done by plaintiff in Utah to establish the fact that defendant was doing business in Utah and that his cause of action arose out of such business so transacted in Utah.

By letter dated at Los Angeles, California, February 4, 1949, mailed by defendant to plaintiff in Salt Lake City, Utah, defendant notified plaintiff that his tour of schools in the Midwest was being cancelled and that his contract with defendant was terminated.

Plaintiff filed a complaint in the District Court in and for Salt Lake County, Utah, claiming damages against defendant for wrongful termination of his written contract of employment with defendant hereinabove mentioned.

To acquire personal jurisdiction of the defendant, the plaintiff served summons upon one R. W. Dill, as agent of defendant. Said R. W. Dill was a member of Dill Brothers who were at the time performing in high schools in Salt Lake City, Utah, pursuant to schedules arranged for them by defendant under a contract similar to the contract plaintiff had with defendant. The contract R. W. Dill had with defendant provided specifically that the defendant Green, was the agent for Dill Brothers for the purpose of scheduling performances in various schools. R. W. Dill did not have any power of attorney to do business for the defendant, Green, and had no power of attorney to cash checks made out to defendant. Said Dill was obligated, under his con-

tract with defendant, to collect his fees from the schools in which he performed, retain his agreed compensation and remit the balance to defendant.

R. W. Dill was served with summons by the Sheriff of Salt Lake County in one of the high schools in Salt Lake City where he had been giving a performance scheduled for him by defendant. Dill was a resident of San Diego, California. He had no office or other place of business in the State of Utah.

The defendant, Green, did not have or maintain any office or place of business in Utah, for himself or by any agent, and had not filed with the Secretary of State the name or place of business of any agent upon whom service of summons could be had.

Defendant appeared specially in the District Court and moved to quash the service of summons.

The District Court ruled:

(1) That R. W. Dill, the alleged agent upon whom service of summons was made, was not doing business at the school where the service of summons was made, within the contemplation of Rule 17(e), Utah Rules of Civil Procedure.

(2) That the school at which defendant's agent was served was not a place of business within the contemplation of said Rule 17(e).

(3) That plaintiff's cause of action did not arise out of any business conducted in the State of Utah, within the contemplation of said Rule 17(e).

The court below thereupon entered an order quashing the service of summons for lack of jurisdiction of the person of the defendant. On application of plaintiff, this court made an order granting plaintiff an intermediate appeal.

Plaintiff assigns as error each of the above rulings of the District Court.

The fundamental difficulty with the plaintiff's contention in this case, under our rules, is that his cause of action did not arise out of any business transacted by him with the defendant in the State of Utah. His contract was made with the defendant in the State of California and is subject to the laws and rules and regulations of the State of California, and his cause of action is based upon a breach of his contract entered into with the defendant in the State of California.

A second and vital defect in plaintiff's contention is that the purported agent, R. W. Dill, served with summons in this case, was in no manner an agent of the defendant and had no authority whatever to do business for the defendant in the State of Utah or in any other place, so far as can be determined from the record in this case. He was simply in the state temporarily, rendering a performance in one of the high schools, which entertainment he had agreed with the said defendant to perform in the high schools where he was served with summons.

Since R. W. Dill, the alleged agent served with summons, was not in fact an agent for the purpose of transacting any business in the State of Utah for defendant, and since said Dill did no business for defendant in Utah except to perform his own contract with defendant, we hold that R. W. Dill was not conducting business for defendant at the high school where Dill was performing, within the meaning of the above rules.

The constitutional limitations of our rules are fully considered and set forth in the case of *Wein* v. *Crockett,* 113 Utah 301, 195 P. 2d 222, 223.

As stated in the case of *Wein* v. *Crockett,* supra, Section 104-3-26.10, U. C. A. 1943, Sec. 3, Chap. 10, Laws of Utah

1947, hereinabove mentioned, was adopted to enable a non-resident doing business in this State to select such agent upon whom process could be served as would suit his convenience and assure him of notice of any suit which might be brought against him growing out of any business transacted in this state, and this particular statute was adopted to protect a non-resident doing business in this State, who complies with the statute, against a possible failure of personal notice to him of any suit which might be brought against him in this state.

Without further discussion of the law governing the construction of our rules, we cite the following cases, annotations and texts which have a bearing upon the construction of our rules, supplementary to the case of *Wein* v. *Crockett*, above mentioned: *Davidson* v. *Henry L. Doherty & Co.*, 214 Iowa 739, 241 N. W. 700, 91 A. L. R. 1308. (See annotation following page 1327.) *Melvin Pine & Co.* v. *McConnell*, 273 App. Div. 218, 76 N. Y. S. 2d 279, 10 A. L. R. 2d 194 (and annotation). Restatement of the Law, Conflicts, Section 84, page 130. 72 C. J. S., Process, § 50, p. 1061.

We sustain the Order of the District Court quashing the summons in said case, and since it appears to this court that the case is not maintainable against the defendant without personal service in this state, we remand the case to the District Court with directions to the Court to dismiss the case without prejudice and with costs to defendant.

WOLFE, C. J., and WADE, McDONOUGH and HENROID, JJ., concur.

CROCKETT, J., being disqualified did not participate.