277 P.2d 969

Vincent DYKES, BY AND THROUGH Neil
Farrell DYKES, his Guardian ad litem,
Plaintiff,

v.

RELIABLE FURNITURE & CARPET, De-
fendant and Third Party Plaintiff and
Respondent,

WALKER MANUFACTURING COMPANY,
Third Party Defendant and Appellant.

No. 8179.

Supreme Court of Utah.

Dec. 9, 1954.

Ray, Rawlins, Jones & Henderson, Salt Lake City, for appellant.

Glenn W. Adams, Stewart, Cannon & Hanson, Ernest F. Baldwin, Jr., Salt Lake City, for respondent.

HENRIOD, Justice.

Intermediate appeal from an order denying third party defendant's motion to dismiss and to quash service of process. Reversed, with instructions to quash service, costs to third party defendant.

In an action against defendant furniture dealer for failure to "inspect, discover and remedy" an alleged defective baby crib sold to plaintiff, the former filed a third party complaint based on an alleged warranty, against one Walker, a non-resident manufacturer, who supplied defendant with the crib. Defendant served one Fredrickson, manufacturer's representative who lived in Utah, and who solicited orders for Walker and others.

Walker says 1) that he was not *doing business* in Utah, 2) nor was Fredrickson his *manager, superintendent* or *agent* in the sense that would render a nonresident amenable to process of the Utah courts, under Rules 17(e) or 4(e) (10) Utah Rules of Civil Procedure.[1] We agree.

1. Rule 17(e): "When a nonresident person is associated in and conducts business within the State of Utah in one or more places in his own name or a common trade name, and said business is conducted under the supervision of a manager, superintendent, or agent, said person may be sued in his own name in any action arising out of the conduct of said business."

Rule 4(e) (10): Process may be served "Upon a natural person, nonresident of the State of Utah, doing business in this State at one or more places of

36

Walker did not reside in, had no office, files, facilities, equipment, books, bank account, telephone, listing, advertising, merchandise, samples, property or employees in Utah. Fredrickson was an independent contractor and solicited orders for a number of out of state manufacturers including Walker. He lived in Utah, had an office in his home, paid his own expenses, solicited retailers (not consumers), without formal contract of employment with Walker, carried Walker's furniture pictures and price lists, handled no merchandise or samples, was authorized to fix no prices, adjust claims or bind Walker in any way, had no definite territory, but took orders on pads furnished by Walker, the dealer or himself forwarding them to Walker, who would accept or reject the orders, ship to, bill and receive payment from the purchaser direct, notifying Fredrickson of the shipment and paying him his commission monthly, advising anyone who might inquire that Fredrickson handled his line in Utah.

This case is somewhat unusual in that the movant is a nonresident person, rather than a foreign corporation, which usually is the involved situation in "doing business" cases. Though a corporation's status in a forum other than that in which it is domiciled has a historical significance different than that of a person,[2] the problem of what activity constitutes "doing business" making one amenable to the process of our courts, seems to be the same in both instances and logically subject to the same reasoning. At least we have assumed this to be so,[3] as have the authorities deciding the very few cases involving persons "doing business" elsewhere than at home.[4]

We believe the principles heretofore announced by us are applicable to this case and support our conclusion,[5] as are the decisions of many respectable authorities elsewhere.[6] All authorities are not in complete harmony, but most agree that certain activities do not constitute "doing business" in the jurisdictional sense, giving us a few guideposts to determine cases as they arise. That mere solicitation cannot confer jurisdiction, all will agree. In Western Gas Appliances' case, cited herein, Mr. Justice Crockett pointed out a number of other activities authoritatively determined

business, as set forth in Rule 17(e), by delivering a copy thereof to the defendant personally or to one of his managers, superintendents or agents."

2. 35 Michigan Law Review 969.

3. Western Gas Appliances v. Servel, Inc., Utah, 1953, 257 P.2d 950. Alward v. Green, Utah, 1952, 245 P.2d 855.

4. 10 A.L.R.2d 200–203.

5. McGriff v. Charles Antell, Inc., Utah, 1953, 256 P.2d 703 and Utah cases cited therein; Western Gas Appliances v. Servel, Inc., supra; Alward v. Green, supra.

6. Lutz v. Foster & Kester Co., 1951, 367 Pa. 125, 79 A.2d 222; Pellegrini v. Roux Co., 1951, 170 P.Super. 68, 84 A.2d 222; Robbins v. Benjamin Co., 5 Cir., 1954, 209 F.2d 173; Partin v. Michaels Co., 3 Cir., 1953, 202 F.2d 541; cases, footnote 4, McGriff v. Charles Antell, Inc., supra.

as not "doing business" for process purposes; 1) mere presence of an officer in the forum, 2) a factory sale to a local distributor, 3) instruction to retailers in aid of distributors' aid promotion, 4) warranting and shipping parts to an independent dealer and 5) isolated cases of equipment installation. Others might be added.

 · In close cases, no inflexible formula can determine what activity constitutes "doing business" in the jurisdictional sense, nor can a court by abacus or slide rule calculate the qualitative and/or quantitative activity factors constituting such business so as to make the process server's efforts effective. All it can do is examine each case as it arises,—and since no two likely would be identical,—apply principles announced in cases gone before, having in mind the duty and desire to balance interests of those involved from different jurisdictions. At present we are committed to the not too specific proposition that to be subject to the process of the local forum, where distribution of commodities is concerned, the outsider must do something else than merely solicit their sale or distribution, and the "something else" should be such as would inspire in a reasonable person's mind the conviction that such outsider, as a practical matter, is present in the state personally or by authorized representation, to further his business interests with local inhabitants through real and identifiable contracts representing a continuity of dealing and activity not too dissimilar from that indulged by local business people attending to their own business pursuits.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.