Chief Judge Desmond.
We have for decision a question not previously answered by this court or, apparently, by any Federal appellate court or State court of last resort: does the full faith and credit requirement of the Federal Constitution (art. IV, § 1) require the courts of a State to entertain an action brought to enforce a defendant’s alleged liability, not reduced *404 to judgment, under the tax laws of another State? Both courts below answered “no”. Special Term cited Wayne County [Mich.] v. American Steel Export Co. (277 App. Div. 585) which in turn followed State of Colorado v. Harbeck (232 N. Y. 71) in stating a policy of our State not to enforce the revenue statutes of other States. However, there was in State of Colorado v. Harbech no reliance on or argument from the full faith and credit clause and the decision went off on questions of comity and public policy.
The Appellate Division majority, affirming Special Term, wrote no opinion but the two Justices who dissented discussed the principle or supposed principle that one State will not allow its courts to serve as forums for the collection of another State’s taxes, and quoted the dictum from Marshall v. Sherman (148 N. Y. 9, 25) repeated in State of Colorado v. Harbeck (232 N. Y. 71, 85, supra) that “ the revenue laws of one country have no force in another.” The dissenters thought that such a rule, if it existed, has no longer any sound basis in public policy and that no right purpose is served by providing immunity for a tax evader who has left his own State for ours. It is certain, however, that there is such a policy pursuant to which our State has barred suits to collect the taxes of other States and that the rule was born of or is related to the idea that the obligation of a tax is “ penal in character ” (see Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 292). This concept of the “ penal ” character of tax levies was rejected in Milwaukee County v. White Co. (296 U. S. 268) which classified tax liabilities as being statutory and quasi-contractual in nature, but the Milwaukee County case did not answer the question posed by this appeal. The Supreme Court in the Milwaukee County case arrived at the definite conclusion that “ a judgment is not to be denied full faith and credit in state and federal courts merely because it is for taxes ” (296 U. S., p. 279). Just as it had done in Moore v. Mitchell (281 U. S. 18, 24) the Supreme Court left undecided whether the Federal Constitution required the courts of one State to enforce non-judgment liabilities under the tax laws of another State. The Supreme Court said that for the purposes of that (Milwaukee County) case it would “ assume that the courts of one state are not required to entertain a suit to recover taxes levied under the statutes of another ” (296 U. S., p. 275). From all of this it *405 follows that no case law authority controls us as to the ‘ ‘ Full Faith and Credit ” argument.
The judgment for this defendant Avas entered on the grant of his motion to dismiss the complaint for lack of jurisdiction of subject matter and for failure to state facts sufficient to constitute a cause of action, so we take as true the allegations of plaintiff’s pleading. From 1954 to 1959 defendant lived and conducted a public parking lot in Philadelphia, Pennsylvania. During those years there was in effect in Philadelphia local tax ordinances (Philadelphia Code of General Ordinances, ch. 9-601, subd. [4]; ch. 19-1200) which required every person conducting such a parking lot to obtain a license, to file a monthly tax return and to pay each month a tax of 10% on the gross receipts of the parking business. Over a period of several years defendant filed monthly returns and made monthly tax payments to the city but an audit showed (apparently there was no hearing) that his actual gross receipts exceeded the amount reported by him. As a result the City of Philadelphia in December, 1958 made an assessment against defendant for a total of about $5,000 covering four past years. Notice of the assessment was mailed to and received by defendant. The Philadelphia ordinance (Code of General Ordinances, § 19-1702) allows the filing by an aggrieved taxpayer within 60 days of a petition for a review of any such determination. Defendant neither petitioned for a review nor paid the additional tax but moved out of Philadelphia and is now residing in Nassau County in this State. Plaintiff has not obtained a judgment against defendant in any State.
The complaint contains a second cause of action in which it is asserted that plaintiff “ agreed ” to pay this tax but it is clear that this does not allege any special contract but merely that plaintiff in applying for and getting a parking lot license agreed to pay the Philadelphia parking lot tax.
We will assume that the Philadelphia taxing ordinance is authorized by the laws of the State of Pennsylvania (see City of Philadelphia v. Samuels, 338 Pa. 321), that as such it is a “ public act” of that State, that since defendant did not seek review of the assessment in suit his liability therefor has become perfect and complete (see Philadelphia v. Bobman Dept. Store Co., 189 Pa. Super. Ct. 72) and that the imposition of gross receipt taxes by a municipality is not repugnant to any public *406 policy of oui' State. It still remains that no case law anywhere requires the courts of New York to entertain this suit, either by compulsion of “ Full Faith and Credit ” or pursuant to comity or our own public policy.
So far as comity and New York’s policy are concerned all the New York decisions say that our courts will not act as collectors of taxes for another State (State of Colorado v. Harbeck, 232 N. Y. 71, supra; Matter of Martin, 255 N. Y. 359; Wayne County [Mich.] v. American Steel Export Co., 277 App. Div. 585, supra; Wayne County [Mich.] v. Foster & Reynolds Co., 277 App. Div. 1105; State of Maryland v. Turner, 75 Misc. 9; Matter of Bliss, 121 Misc. 773). The two Wayne County holdings expressly rejected the “ Full Faith and Credit ” argument. The reasons for such an attitude are clear and old. For our tribunals to sit in judgment on a tax controversy between another State and its present or former citizens would be an intrusion into the public affairs of another State (see Moore v. Mitchell, 30 F. 2d 600, 604, affd. on another ground 281 U. S. 18, supra). It is an attribute of our State’s sovereignty that it may determine for itself whether under its concepts of comity a particular foreign law should or should not be enforced. New York State has in the past always decided against enforcement of foreign tax laws.
Since the Appellate Division’s affirmance of the dismissal of this suit, the Legislature has given us new, strong evidence of our State’s public policy as to the use of our courts for such purposes. Previously there was one New York statute only (Tax Law, § 249-t, subd. 2) which touched on the subject and that enactment went only so far as to require an accounting executor or administrator to prove payment of any out-of-State death taxes providing the other State had a reciprocal law: But the 1962 Legislature (L. 1962, ch. 677, eff. April 19,1962) enacted a new article 25 of the State Tax Law. It authorizes suits in courts of other States to collect taxes due this State or its subdivisions. It directs the courts of this State to ‘ ‘ recognize and enforce liabilities for taxes lawfully imposed by any other state or any political subdivision thereof, which extends a like comity to this state ” and permits the duly authorized officer of any such State or a political subdivision thereof to “ sue for the collection of such a tax in the courts of this state.” Twenty-seven *407 other States have, so the New York Tax Commission reports, enacted statutes permitting such suits in their courts on such reciprocal bases. Pennsylvania has not so enacted. This definitive legislative pronouncement of controlling public policy, in itself and regardless of arguments pro and con, forbids the prosecution of this suit.
The judgment should be affirmed, with costs.