401 P.2d 439

**PRUDENTIAL FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation, Plaintiff and Appellant,**

v.

**WILLIAM L. PEREIRA AND ASSOCIATES et al., Defendants and Respondents.**

No. 10258.

Supreme Court of Utah.

May 4, 1965.

Franklin Riter, Earl P. Staten, Salt Lake City, Thelen, Marrin, Johnson & Bridges, by Edward J. Ruff, San Francisco, Cal., for plaintiff and appellant.

Shirley P. Jones, Jr., Salt Lake City, for defendant and respondent.

CROCKETT, Justice.

Plaintiff, Prudential Federal Savings and Loan Association, appeals from an order granting defendant's motion to quash three separate attempted services of summons. The defendant has cross-appealed from the lower court's finding that it was "doing business" in Utah.

In the year 1962, the plaintiff engaged the defendant, William Pereira and Associates, a well-known architectural concern of Los Angeles, California, to provide the architectural services for a new bank and office building at 115 South Main Street in Salt Lake City. It was to be a five-story building of advanced modern design and somewhat unusual structure. Its most unique feature is that instead of its floors being supported by pillars as in conventional type buildings, the entire interior structure is supported from the top of the buildings. The suspension system consists of two

massive 83-ton horizontal steel girders atop four vertical columns from which the underlying structure is suspended. The foundation of this lawsuit is plaintiff's allegation that during the process of construction, due to the defendant's errors in design and architectural planning, difficulties developed with the steel framework and aforementioned steel girders which required extensive changes and caused substantial delay in the construction, resulting in the damages sued for.

The three attempts by the plaintiff to serve process on the defendant were as follows: (1) On June 25, 1964, service was made on Mr. James S. Manning, who was serving as defendant's resident architect in Utah; (2) June 30, 1964, plaintiff served a summons on the Utah Secretary of State; (3) July 29, 1964, service was made on Mr. George Mooney, defendant's construction superintendent on the job.

At the outset we observed that although the right to challenge the jurisdiction of a court is a valid one and to be accorded recognition in proper circumstances, nevertheless courts generally do not look with favor upon litigants seeking to avoid meeting a lawsuit on its merits by standing before the court and proclaiming that they are not there.

We first consider the second service of summons, that made upon the Secretary of State. Section 16–10–102, U.C.A.1953 imposes the duty upon any foreign corporation engaging in business in this State to procure a certificate of authority from the Secretary of State; Section 16–10–106(d) requires such a corporation to designate an agent to receive service of process; and 16–10–111 provides that *when a corporation* so authorized *has failed to appoint such a process agent, or* he cannot be found, or "* * * whenever *the certificate* of authority of a foreign corporation shall be *suspended or revoked*, then *the secretary of state shall be an agent of such corporation* upon whom any such process, notice, or demand may be served."

The defendant's challenge to the service made upon the Secretary of State rests upon its contention that it "has never been authorized to transact business in Utah" and is therefore not expressly covered by the statute just recited. This raises the question whether a foreign corporation doing business in Utah, which refuses or fails to comply with our statutes, can claim an advantage by its noncompliance and remain immune from service of process. It seems that the mere statement of the problem would impel anyone with a sense of justice to give an emphatic negative answer.

In approaching the problem presented here, it is essential to look at all of the statutes bearing thereon together in order to understand the objective they are designed to accomplish. In addition to the

sections quoted above, Art. XII, Sec. 6 of our Utah Constitution, Privileges of Foreign Corporations, provides: "No corporations organized outside of this State, shall be allowed to transact business within the State, on conditions more favorable than those prescribed by law to similar corporations, organized under the laws of this State." Sec. 16–10–13, U.C.A.1953 states that if any domestic corporation fails to appoint a process agent, then *the Secretary of State* shall be an agent of the corporation for the service of process. Section 9 of Article XII, Utah Constitution, provides that: "No corporation shall do business in this State, without * * * an authorized agent or agents, upon whom process may be served * * *."

■ From a consideration of the provisions of our law quoted above it is ineluctably clear that the legislature intended that every corporation, foreign or domestic, doing business in this State should be subject to the processes of the law; and that agents be designated to receive process, or this failing, that the Secretary of State receive it for them.

■ It is for the purpose of carrying out this objective that the State has imposed on foreign corporations which take advantage of the privilege of engaging in business in this State the duties prescribed in the statutes hereinabove quoted, and has included therein the designation of a process agent. The fact that defendant has refused or failed to discharge certain of these duties, should not relieve it of other obligations the statute imposes upon it as a condition to doing business in the State. The rule quite universally recognized is that if a foreign corporation engages in business within a state and fails to comply with the provisions of its laws, that failure will not redound to its advantage, but it will be deemed to have assented to the provisions of its laws and " * * * will be estopped to say that it has not done what it should have done in order that it might lawfully enter that commonwealth [that state] and there exert its corporate powers." [1] The ancient and honored maxim that no one should benefit from his own wrong is particularly appropriate here. It would be the very nadir of injustice to hold that corporations which comply with the law are amenable to process and suit in this State, while those who fail to comply with certain provisions of the law would for that reason be given immunity from others. This is especially so when it would require a narrow and unreasoning interpretation of the statute, which is contrary to its intent and purpose, to reach that result.

■ In conformity with what we regard as the better reasoned cases, which get to

1. So stated by the United States Supreme Court in Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345.

substantial justice, and as ruled in the majority of jurisdictions,[2] we hold that under our statutes, and the circumstances here shown, the service of summons upon the Secretary of State as agent for the defendant was a valid service to which the defendant must respond.

 Before giving further attention to the question of the services of summons, it seems appropriate to treat the point made on the defendant's cross-appeal: that the trial court erred in finding that the defendant was "doing business" in Utah. The finding is buttressed by the established rule that the facts shown and all fair inferences to be derived therefrom should be viewed in the light most favorable to it. In addition to the extensive activities of the defendant in providing architectural, engineering and supervisory services in designing and constructing the plaintiff's building costing several million dollars, there were included the services of a superintendent, Mr. James S. Manning, who was required to reside in Salt Lake City during the over two years of construction; the maintenance of an office in Salt Lake City under the firm name; so listing on the office door, in the building directory, the telephone directory, regular and classified (yellow page) sections; a firm checking account, a letterhead designating Mr. Manning as the "resident architect;" the solicitation and practice of other architectural business in Utah during the period including design and supervision of a building for Brigham Young University at Provo, Utah, involving gross construction costs of approximately $6,000,000. All of this constitutes such a plethora of evidence supporting the trial court's conclusion that the defendant was doing business in Utah [3] that it seems almost incredible that the point was raised on cross-appeal.

 Having concluded that the service upon the Secretary of State is valid and binding upon the defendant makes it unnecessary to discuss in extenso the other service of summons made. However, in view of the necessity of setting forth the

2. See cases listed in 23 Am.Jur. Foreign Corporations § 499 (1939) in support of the text: "The weight of authority supports the view that by doing business in the state, the corporation necessarily submits to the service of process against it on the officer whom it must have designated had any designation been made * * *."

3. See Wein v. Crockett, 113 Utah 301, 195 P.2d 222, where it was held that much less activity constituted doing business within the state to subject the defend-ant to service of process. See Dykes, By and Through Dykes v. Reliable Furniture & Carpet, 3 Utah 2d 34, 277 P.2d 969, as to factors to be considered in determining the question; for indication of the modern trend toward doing business requiring only "substantial connection" with the state, see McGee v. International Life Ins. Co. (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; and annotation thereto 2 L.Ed.2d 1664, 1668 et seq.

facts just related in connection with the cross-appeal, we take occasion to observe that we can see no reason why the service upon defendant's employee, George W. Mooney, who was performing supervisory services in connection with the building on defendant's behalf, was not a valid service of summons upon the defendant. Consistent with the purpose hereinabove expressed, that corporations doing business in the state should be subject to process Rule 4(e) (4), U.R.C.P. provides:

> "Personal service within the state shall be as follows: Upon any corporation * * * [by serving] any such officer or agent, *or any clerk*, cashier, managing agent, chief clerk, *or other agent* having the management, direction or control of any property of such corporation, * * * within the state."

■ The contention that the service on Mr. Mooney was invalid because it was made while the motion to quash the prior service of summons was pending is without merit. We are at a loss to understand why the filing of such a motion as to a *prior* service should render the corporation immune from process until such motion was disposed of. In our opinion it could in no way affect a subsequent valid service of summons. (All emphasis added.)

The case is remanded for proceedings upon the merits. Costs to plaintiff (appellant).

McDONOUGH and WADE, JJ., concur.

HENRIOD, Chief Justice (concurring in the result).

I concur in the result for the reason that I think the service of process on Mooney was good; that the fact that there was a pending motion to quash as to Manning had no significance to any claimed sudden death for the service on Mooney. The procedure as to Manning pertained only to Manning, and it would seem to be unrealistic to conclude, under the statute and authorities, that serving one agent would preclude service of another agent, if the former quickly filed a paper attacking the jurisdiction of the court.

Why, after the main opinion said there was effective service of process on Mooney, which should be decisive in this case, it went into the nebulous areas of "doing business," and serving the "Secretary of State," I don't know. This court and many others have probed those terrains, and the main opinion's observations with respect to them well might become a ghost later to haunt this court. In my opinion, Mooney is all important in this case, not the question of doing business here, or the role of the Secretary of State. This was a transitory action bottomed on negligence and could have been instituted here or in any other state by service on an agent—which in this case was Mooney.

CALLISTER, Justice (concurring).

As related in the main opinion, three services of summons were attempted by the plaintiff upon the defendant, William L. Pereira and Associates, a corporation. The lower court held all three to be invalid. If this court should determine one of the services to be valid, the validity of the remaining two becomes moot.

For the reasons stated in the main opinion, I am in accord that the service upon the Secretary of State was valid. This being so, and the lower court now having jurisdiction over the defendant, there is no need to discuss the merits of the service upon either Mooney or Manning.