STATE TAX COMMISSION OF UTAH, APPELLANT, *v.* ERRETT L. CORD, AKA E. L. CORD, AND VIRGINIA CORD, RESPONDENTS.

No. 4842

July 22, 1965 404 P.2d. 422

[Rehearing denied August 17, 1965]

*Daniel R. Walsh,* of Carson City, *Phil L. Hansen,* Attorney General, and *F. Burton Howard,* Asst. Attorney General, of Utah, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* and *Roger W. Jeppson,* of Reno, and *Edward D. Neuhoff,* of San Marino, California, for Respondents.

## OPINION

By the Court, ZENOFF, D. J.:

The Utah Tax Commission brought suit in Nevada against Errett and Virginia Cord to recover money claimed to be due under the Utah state income tax law.

The complaint is in three counts. The first count alleges that an income tax warrant for $30,261.25 was docketed as a judgment in accordance with Sections 59–14–59 and 60, Utah Code Annotated 1953, and is constitutionally entitled to full faith and credit in Nevada. The second count, an alternative count, asserts that a deficiency assessment for $21,327.29 was made against the defendants in accordance with Utah statutory provision and, as an official record of that state, is to be accorded full faith and credit in Nevada. The third claim for relief, also an alternative claim, alleges that the defendants sold uranium properties located in Utah for the total sum of $17,000,000 on an installment note resulting in an income tax liability for the years 1958 and 1959; that the defendants, in filing a nonresident income tax return, claimed nonallowable business deductions, causing the commission to levy a deficiency assessment for $21,327.29 which has not been paid and has become final.

The lower court granted the defendants' motion to dismiss each claim for relief. In our view its ruling was correct as to the first two counts, but in error as to the third.

Errett and Virginia Cord are residents of Nevada. They have never been residents or domiciliaries of Utah. Their income tax liability to Utah arose from an isolated installment sale of uranium property located there. They paid the tax which they believed to be due for the years in question. Since that sale neither defendant has owned real or personal property in Utah. As stated, the first two claims for relief rest solely upon the full faith and credit clause of the federal constitution. It is contended by the Utah Tax Commission that the income tax warrant for $30,261.25 which was docketed as a "judgment" is constitutionally entitled to full faith and credit in Nevada. The same claim is made as to the deficiency assessment, i.e., that it is a public "record" of Utah within the ambit of the full faith and credit clause. Neither contention is valid.

We agree with the lower court in dismissing the first two claims for relief. It is sufficiently established that

406

due process of law requires that there be jurisdiction of the person or subject matter by the home state where the judgment was entered for full faith and credit to apply. Though the doctrine of Pennoyer v. Neff, 95 U.S. 714, has been eroded to some extent (See International Shoe Co. v. Washington, 326 U.S. 310, and the cases therein cited), it still rules the case at bar.

Since it is permissible to look behind a sister state's judgment for jurisdiction, Williams v. North Carolina, 325 U.S. 226, we must determine whether Utah has a law granting jurisdiction over a nonresident because of an act committed by him within the state. A state can exercise through its courts jurisdiction over an individual who has done an act within the state if, by the law of the state at the time when the act was done, a person by doing the act subjected himself to the jurisdiction of the state as to such cause of action. Restatement, Conflict of Laws § 84; Reese & Galston, Doing an Act or Causing Consequences as Bases of Judicial Jurisdiction, 44 Iowa L.Rev. 249.

Utah Code Ann., § 78-27-20 states that:

"Every nonresident person other than insurance organizations doing business in this state in one or more places, either in his own name or a common trade name, and said businesses are conducted under the supervision of a manager, superintendent, or agent, shall file or cause to be filed annually, on or before January 15th * * * a certificate under oath setting forth the name of and address of the manager, superintendent, or agent upon whom service of process may be had in any action arising out of the conduct of such business."

However, the case law of Utah indicates that much more than a single transaction within the state is needed before Utah will obtain jurisdiction by virtue of a nonresident doing business within the state. In Conn v. Whitmore, 9 Utah 2d 250, 342 P.2d 871, a resident of Utah purchased three horses from a resident of Illinois, the transaction taking place in Illinois. That state permits personal service of summons on any person outside

of the state who in person or through an agent transacts any business with said state. A dispute arose from which the seller obtained a judgment in Illinois by service in the manner set out in the statute. Defendant, the Utahan, did not appear in the action, but contested the enforcement of the judgment in Utah. The Utah court held that the one transaction was not enough to meet the "doing business" requirements, that "there must be some substantial activity which correlates with a purpose to engage in a course of business or some continuity of activity in the state so that deeming the defendant to be present therein is founded upon a realistic basis and is not a mere fiction. That this is so and that a single act or transaction does not suffice unless it fits into the above pattern is well established." See also International Shoe Co. v. Washington, 326 U.S. 310; Wein v. Crockett, 113 Utah 301, 195 P.2d 222; Dykes v. Reliable Furniture & Carpet Co., 3 Utah 2d 34, 277 P.2d 969; Alward v. Green, 122 Utah 35, 245 P.2d 855. Therefore, the law of Utah does not consider the act done by the Cords an act sufficient to permit jurisdiction over them.

"[T]he validity of every judgment depends upon the jurisdiction of the court before it is rendered * * *." Pennoyer v. Neff, supra at 728. In each of the cases relied upon by the appellant, the court considered whether jurisdiction had been obtained. And in every case, the court decided that it had jurisdiction, either by statute which granted jurisdiction because certain acts were done within the state, or because of jurisdiction over the person.

In City of New York v. Shapiro, D.Mass., 129 F.Supp. 149, it was held that the comptroller who levied the tax in New York had personal jurisdiction of the taxpayers because they appeared before him and participated in the proceedings. In Ohio Dep't of Taxation v. Kleitch Bros., Inc., 357 Mich. 504, 98 N.W.2d 636, the court held that Ohio had jurisdiction of the taxpayer because the corporation submitted to the terms of the tax statute, including its summary judgment provisions, by applying for a license and using the highways. In Owens v. Superior Court, 52 Cal.2d 822, 345 P.2d 921, it was held that

California had personal jurisdiction of a former resident by virtue of a statute giving the state personal jurisdiction over a former domiciliary who was a resident when the cause of action sued upon arose.

The appellant contends that the docketed warrant judgment imposing personal liability on the Cords is a public record of Utah which must be given full faith and credit. We will not enforce a personal liability imposed by another state on a resident of our state without jurisdiction over him simply because the imposition of liability is called a record and not a judgment. The jurisdictional requirements shall be met whether the matter is regarded as a "judicial proceeding" or a "record." See Magnolia Petroleum Co. v. Hunt, 320 U.S. 430.

It is therefore our conclusion that the tax herein imposed being a personal tax requiring in personam jurisdiction, the single business engagement of the Cords was not a continuous course of conduct needed to satisfy the Utah requirements and is not entitled to full faith and credit as a judgment or public record.

There no longer is serious contention that one state will not enforce the tax laws of a sister state. Time, history and review have virtually erased the contentions that taxes are penal in nature and that one state need not enforce the taxes of a sister state because full faith and credit did not apply to criminal or revenue matters. City of Detroit v. Gould, 12 Ill.2d 297, 146 N.E.2d 61. The courts of one state will now entertain suits to recover taxes levied under statutes of another state when such liability has not been reduced to judgment. State ex rel. Okl. Tax Comm'n v. Rodgers, 238 Mo.App. 1115, 193 S.W.2d 919; State ex rel. Duffy v. Arnett, 314 Ky. 403, 234 S.W.2d 722; State ex rel. Okl. Tax Comm'n v. Neely, 225 Ark. 230, 282 S.W.2d 150; City of Detroit v. Gould, supra; Minnesota v. Karp, 84 Ohio App. 51, 84 N.E.2d 76; Moore v. Mitchell, 2 Cir., 30 F.2d 600, aff'd, 281 U.S. 18. Although courts still hold to the contrary view that they will not entertain an action brought to enforce an alleged liability under the tax laws of another state

which has not been reduced to judgment (City of Philadelphia v. Cohen, 11 N.Y.2d 401, 184 N.E.2d 167), Nevada courts will enforce valid tax obligations imposed by another state even though they have not been reduced to judgment.

However, respondents contend that the third cause of action is barred by a statute of limitations. Nevada has no income tax and thus no period of limitations specifically relating thereto, although NRS 11.190 does provide that an action upon a liability created by statute can only be commenced within three years. The third claim for relief does not rest on the full faith and credit clause. It is simply an action for money claimed to be due the State of Utah, and may proceed to trial on the merits unless barred by limitations. We must look to the law of Utah to determine when the right to sue for income tax accrues.

Utah's limitation statutes are "built-in" to the Utah income tax law and provide that an assessment must be levied within three years after the return is filed, and "no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." Utah Code Ann., § 59–14–34. It is also provided that "where the assessment of any income tax imposed by this chapter has been made within the period of limitation * * * such tax may be collected by warrant and levy * * * or by a proceeding in court, but only if begun within three years after the assessment of the tax." Utah Code Ann., § 59–14–35 (2).

These statutes indicate that the making of an assessment is a condition for bringing suit; and until the assessment is made, the limitation period does not commence to run. This conclusion is supported by the language of both Utah statutes and cases. A Utah statute states that the running of the statute of limitations concerning income tax liability is "on the making of assessments." Utah Code Ann., § 59–14–36 (1). And a Utah case has stated that "when some controlling statute * * * provides that an additional thing be done

before action may be brought, \* \* \* the statute of limitations does not start to run until the time when suit may be maintained \* \* \*." State Tax Comm'n v. Spanish Fork, 99 Utah 177, 100 P.2d 575. Since suit cannot be maintained until an assessment is made, the cause of action and the running of the statute of limitations do not begin until such assessment is made.

Notice of the deficiency assessment against the respondents was given June 6, 1961, well within the three-year period after the return was filed. On April 1, 1964, this suit was commenced. This was within three years from the deficiency assessment; and whether we apply Utah's statute of limitations or that of Nevada, the action is timely.[1]

Reversed and remanded for further proceedings.

BADT, J., concurs.

THOMPSON, J., concurring:

I agree that the third claim for relief is simply an action for money claimed to be due the State of Utah and may proceed to trial on the merits as it is not barred by limitations. I also agree that the first two claims for relief were properly dismissed because neither the docketed "warrant judgment" nor the "record" of the deficiency assessment is constitutionally entitled to full faith and credit. However, I would prefer to base the decision regarding the first two claims for relief solely upon an analysis of the Utah statutory law respecting alternative methods for the collection of income taxes.

Utah recognizes two methods by which income taxes may be collected. One is by "warrant and levy," and the other is through court action. See Utah Code Ann., § 59–14–35 (2). The warrant and levy method is a summary procedure and was attempted to be pursued here. However, it may be utilized only if the taxpayer owns real or personal property in Utah which can be seized and sold. See Utah Code Ann., §§ 59–14–59 and 59–14–60. The ownership of property in that state is

---

[1] We are satisfied that NRS 11.190(3) applies to tax liabilities. State v. Yellow Jacket Mining Co., 14 Nev. 220.

the jurisdictional basis for that method of collection. As the Cords have no property located in Utah subject to seizure and sale, the so-called warrant judgment is wholly ineffective for any purpose. The jurisdiction required to effectuate summary collection did not exist.

Nor was the second method, a court action against Errett and Virginia Cord in Utah, available to the tax commission for the Cords were not subject to the personal jurisdiction of a Utah court. Pennoyer v. Neff, 95 U.S. 714. Utah undoubtedly recognized this and did not commence suit in that state. Instead the Commission filed suit in Nevada where the taxpayers are residents and amenable to process. For the reasons expressed in the majority opinion Nevada should entertain the suit on its merits. The deductions against income claimed by the taxpayers may, or may not, be allowable. Neither the deficiency assessment nor the warrant judgment may be considered as proof of the claimed debt. Evidence will be required to resolve the dispute within the framework of Utah income tax law.