**Charles W. NELSON, Appellant**
**(Defendant below),**
v.
**MINNESOTA INCOME TAX DIVISION,**
**Appellee (Plaintiff below).**
**No. 3564.**

Supreme Court of Wyoming.
June 23, 1967.

Ralph E. Thomas, of Nicholas & Thomas, Lander, for appellant.

H. S. Harnsberger, Jr., Lander, for appellee.

Before GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The State of Minnesota, through its attorney general, brought suit in the district court of Fremont County, Wyoming, to collect a state income tax from Charles W. Nelson, on income earned by Nelson when he resided in Minnesota, which was prior to Nelson's moving to Wyoming.

There can be no dispute from the facts presented and admitted that the tax in question became due and owing to Minnesota as and when the income was earned by Nelson in Minnesota. Neither can it be denied that Minnesota law authorizes the attorney general of that state to sue for the tax in another state, in such a suit as was here brought.

The judge of the district court took the position that Wyoming should adopt the policy of enforcing the tax laws of other states on principles of comity. Accordingly, he granted plaintiff's motion for summary judgment and entered judgment against Nelson for $581.87 and costs. Nelson has appealed, claiming taxation is a legislative function and is not a proper subject for comity to be extended by the courts.

A leading case on the question presented is State ex rel. Oklahoma Tax Commission v. Rodgers, 238 Mo.App. 1115, 193 S.W.2d 919, 165 A.L.R. 785. The decision in that case pointed out how and under what circumstances Lord Hardwicke, in Boucher v. Lawson, 1734, Cases Temp. Hardwicke 85, 95 Eng. Reprint 53, started the rule that one nation or state would not enforce the revenue measures of another.

In the *Rodgers* decision, however, the court undertook to analyze reasons for this ancient rule and concluded there is no longer any valid justification for not permitting a suit in one state for a tax lawfully levied by another. The court stated, at 193 S.W.2d 927: "The simplest ideas of comity would seem to compel such rule, and modern conditions demand it." The court also reasoned that a taxpayer who enjoys the protection of government should bear his share of the expense of maintaining the government, and should not be permitted to escape his obligation by crossing state lines.

The correctness of the decision in the *Rodgers* case seems to be recognized and followed in Pennhurst State School v. Estate of Samuel Goodhartz, 42 N.J. 266, 200 A.2d 112, 115; City of Detroit v. Gould, 12 Ill.2d 297, 146 N.E.2d 61, 63–64; State of Ohio ex rel. Duffy v. Arnett, 314 Ky. 403, 234 S.W.2d 722, 725; and State of Oklahoma ex rel. Oklahoma Tax Commission v. Neeley, 225 Ark. 230, 282 S.W.2d 150, 152. Also, in State Tax Commission of Utah v. Cord, 81 Nev. 403, 404 P.2d 422, 425, the Nevada supreme court said there no longer is serious contention that one state will not enforce the tax laws of a sister state.

### Penalty

It is apparent from the computation of the amount of the judgment in this case that part of the amount found due represents a penalty. Section 290.53, subd. 2, Minnesota Statutes 1961, provides a penalty up to 25 percent of the amount of the tax, plus interest, for failure to file a return. Appellant cites the general rule stated in 15A C.J.S. Conflict of Laws § 4(6), p. 397, to this effect:

"Well settled and uncontroverted is the general rule that the courts of one state or nation will not enforce the penal laws of another * * *."

Appellant further points to an early case in the State of Minnesota, Gulledge Bros. Lumber Co. v. Wenatchee Land Co., 122 Minn. 266, 142 N.W. 305, 306, 46 L.R.A., N.S. 697, where the Minnesota courts held the rule that courts of one state will not enforce the penal laws of another applied to suits for the recovery of revenue penalties. On this basis, appellant argues it is not proper in the instant case for Wyoming to enforce the penal laws of the State of Minnesota.

Appellee has not challenged the rule that penal statutes will not be enforced for another state, and it has cited us to no authority for considering the penalty provisions of its tax code something other than penal laws. In view of this situation, we will not, as far as this particular case is concerned, extend the application of comity to an enforcement of the penalty provisions of Minnesota's tax code.

Therefore, we direct the district court to modify its judgment by deleting therefrom such amount as represents a penalty or interest on a penalty.

### Additional Assignments

Although appellant suggests the present action violates the due process clause of constitutions; that the attorney general of Minnesota is without capacity to sue in Wyoming courts; and that the tax is not a personal debt and for this reason cannot be enforced in another state unless expressly authorized by statute in the forum state, we do not consider any of these contentions sustained by persuasive authority or reason.

Remanded with instructions to modify the judgment in accordance with this opinion. As so modified the judgment is affirmed.

HARNSBERGER, C. J., not participating.