**WRIGHT WATERPROOFING COMPANY, Appellant,**

v.

**APPLIED POLYMERS OF AMERICA and Paul C. Fox, d/b/a Paul C. Fox Company, Appellees.**

**No. 20165.**

Court of Civil Appeals of Texas, Dallas.

April 15, 1980.

Rehearing Denied July 3, 1980.

E. Eldridge Goins, Jr., Goins & Underkofler, Dallas, for appellant.

John L. Burke, Rex Henger, Goldberg & Alexander, Dallas, for appellees.

Before AKIN, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Wright Waterproofing Company appeals from a summary judgment granted to appellee Paul C. Fox, doing business as Paul C. Fox Company, and from a Rule 120a special appearance sustained in favor of appellee Applied Polymers of America. Wright argues that fact questions exist as to whether Fox made express or implied warranties to Wright and that Applied Polymers is subject to jurisdiction of Texas courts because it solicited business and appointed a sales representative in Texas. We affirm the summary judgment in favor of Fox, but reverse the special appearance as to Applied Polymers.

In 1976, Wright Waterproofing Company, a Dallas business owned by E. J. Wright, bought $47,000 worth of waterproofing compound from Applied Polymers, a New Jersey corporation. This compound was used by Wright in the construction of a building in Oklahoma. Alleging some of the compound proved defective, Wright sued Applied Polymers, and Fox, Applied Polymers representative in Dallas, for breach of implied and express warranties.

*Summary Judgment*

Appellee Fox moved for summary judgment on the ground that as agent for Applied Polymers he could not be personally liable on the contract between Applied Polymers and Wright. Although filed several months after the summary judgment hearing, the only petition in the record is "Plaintiff's Second Amended Original Petition." That petition alleges that "Applied Polymers, acting through its agent, Fox, . . ." solicited Wright to purchase the materials and warranted that the materials would be suitable. Furthermore, in Wright's affidavit in response to the motion for summary judgment, he states that Applied Polymers represented to him that Fox was its local representative. Appellee Fox argues that Wright has judicially admitted that Fox was the disclosed agent of Applied Polymers and tried the case on the theory of agency, and thus, Fox cannot be personally liable. Wright contends that he tried the case both on the theory that Fox was Applied Polymers' agent and that Fox was acting individually.

We agree with Fox. Wright's theory in this case was that Fox was Applied Polymers' disclosed agent. The only petition in the record asserts that Fox is Applied Polymers' agent in this transaction, and Wright's affidavit asserts that Fox's agency was disclosed. Generally, a disclosed agent will not be personally liable on a contract made for his principal if the agent is acting within the scope of his authority. *Talmadge Tinsley Co. v. Kerr*, 541 S.W.2d 207, 208 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.); *Helland v. Western Construction Co.*, 516 S.W.2d 437, 440 (Tex. Civ.App.—San Antonio 1974, no writ). Al-

though Fox's authority is unclear from the summary judgment evidence, Wright does not allege that Fox was acting outside his authority or any other facts which would render Fox personally liable. Instead, he alleges Applied Polymers *was acting through* its agent Fox, when it made warranties. Therefore, Wright's theory in the case was that Fox was a disclosed agent of Applied Polymers, and this precludes any individual liability on the part of Fox for any warranties made as a matter of law. Accordingly, we affirm the judgment in favor of Fox.

*Special Appearance of Applied Polymers*

Applied Polymers objected to Texas jurisdiction by filing a special appearance under Tex.R.Civ.P. 120a and moving for dismissal of the suit. After a hearing on the special appearance, the court sustained the motion and filed several findings of fact and conclusions of law. Among them, the court found that Gerald Zakim, president of Applied Polymers, at the request of the owner of the building project in Oklahoma, came to Dallas to meet with the architect and discuss his product, and that Fox took Zakim to see Wright that same day. Applied Polymers had been recommended to supply material for the project by the owner. The court found that at the time of the visit the waterproofing subcontract had not been awarded to anyone, and no orders or sales occurred at the time. Subsequent to the visit, Fox became Applied Polymers' manufacturer's representative. Fox paid his own expenses and his sole authority was to solicit and to receive orders and to transmit them to Applied Polymers for acceptance or rejection. The court found that Fox was an independent contractor rather than an agent, dealer or distributor of Applied Polymers. The court further found that all billing and shipping was made by Applied Polymers, and Wright made all payments to Applied Polymers.

Applied Polymers argues that these findings show its contacts with Texas were insufficient to subject it to the jurisdiction of the Texas courts. We accept all of these findings but the finding that Fox was not Applied Polymers' agent, because the court also found that Fox was Applied Polymers' sales representative in Texas. The court's findings are not, however, a complete reflection of the evidence. In this respect, the evidence is undisputed that Zakim also met with Wright in Wright's office after a meeting at a Howard Johnson's restaurant. It is disputed as to what was discussed at any of their meetings and the court found their discussion at Howard Johnson's to be "social and general"; however, it was after this meeting and the one in Wright's office when Wright purchased the product. Zakim testified that he had also contacted at least one other prospective subcontractor. Furthermore, two letters on Applied Polymers' stationery addressed to Wright are in the record. These letters discuss defendant's product, refer to the meeting in Texas, and refer to other conversations between the parties. Printed at the bottom of the stationery are the following cities: "New York, Washington, Indianapolis, Boston, Detroit, Chicago, *Dallas*." [Emphasis added.]

Applied Polymers argues that it was not "doing business" in Texas and therefore does not come within the ambit of Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964), the Texas long-arm statute. This statute reaches as far as the federal requirements of due process; the proper focus in determining if a nonresident is subject to the jurisdiction of Texas courts is the constitutional limitations of due process, not the technical definitions of "doing business." *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 761 (Tex.1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978); *Hoppenfeld v. Crook*, 498 S.W.2d 52, 56 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). Applied Polymers appointed Fox as its sales representative in Texas to take orders for its products from Wright and other Texas residents. We conclude that Applied Polymers was "doing business" in Texas and jurisdiction over Applied Polymers in Texas is proper so long as the constitutional due process requirements are met.

■ To determine whether a non-resident defendant is amenable to Texas jurisdiction, three factors must be examined. These are set forth in *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex.1966):

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

(citing *Tyee Construction Co. v. Dulien Steel Products, Inc.*, 62 Wash.2d 106, 381 P.2d 245, 251 (1963).

Applied Polymers argues that it has done no purposeful act in Texas and that the exercise of Texas jurisdiction would be unfair and unjust. It argues that its contacts with Texas were minimal because the building job took place in Oklahoma and no sale was consummated in Texas, citing several cases holding that there were insufficient contacts by this nonresident for Texas to acquire jurisdiction over him. In *Dennett v. First Continental Investment Corp.*, 559 S.W.2d 384, 386 (Tex.Civ.App.—Dallas 1977, no writ), this court held the defendant was not amenable to process because it had only engaged in contract negotiations in this state, no part of the contract was to be performed here and the contract was not consummated here. In *Sun-X International Co. v. Witt*, 413 S.W.2d 761 (Tex.Civ.App.—Texarkana 1967, writ ref'd n. r. e.) that court held that Texas had no jurisdiction where the resident plaintiff had gone to another state to solicit business, all the contract negotiations occurred in the other state, and payment was made there. Also, the supreme court in *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55

L.Ed.2d 763 (1978) sustained a special appearance where the plaintiff had solicited, negotiated and consummated a contract in Oklahoma, although the defendant mailed his payments to Texas.

■ In this case, however, there are sufficient contacts and they satisfy due process. Zakim's act in coming to Texas to discuss his product with the architect and his meeting with the likely subcontractor who would use the product constitute purposeful acts in this state. *See Michigan General Corp. v. Mod-U-Kraf Homes, Inc.*, 582 S.W.2d 594, 596 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.). This act led to the purchase of the product by Wright, and this suit arose out of the purchase of the product and the negotiations leading up to that purchase. Thus, the first two elements of *O'Brien v. Lanpar Co.* are met.

■ Furthermore, requiring Applied Polymers to defend in Texas would not offend traditional notions of fair play and substantial justice. Defendant appointed a manufacturer's representative in Texas to deal with Wright and payment was mailed from Texas to defendant. Applied Polymers' acts in Texas were designed to produce a benefit from a business transaction with a Texas resident. *See Michigan General Corp. v. Mod-U-Kraf Homes, Inc.*, 582 S.W.2d at 597. *See also McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Uvalde Rock Asphalt Co. v. Consolidated Carpet Corp.*, 457 S.W.2d 649, 651–52 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).

■ Applied Polymers cites several cases for its contention that an independent contractor's activities should not be considered in determining a nonresident's minimum contacts. *E. g., Robbins v. Benjamin Air Rifle Co.*, 209 F.2d 173 (5th Cir. 1954); *Street & Smith Publications v. Spikes*, 120 F.2d 895 (5th Cir. 1941); *Dykes v. Reliable Furniture & Carpet*, 3 Utah 2d 34, 277 P.2d 969 (1954). These cases are distinguishable from this case because here the appointment of a manufacturer's representative in Texas is but one of Applied Polymers' con-

72

tacts in Texas. Consequently, they do not control here.

Accordingly, the summary judgment in favor of Fox is affirmed and severed, Tex. R.Civ.P. 434, but the special appearance sustained in favor of Applied Polymers is reversed and the cause against Applied Polymers is remanded for trial.