**DORAN CHEVROLET–PEUGEOT, INC., Appellant,**

v.

**Helen GANSCHOW, Appellee.**

No. 05–84–00904–CV.

Court of Appeals of Texas, Dallas.

April 12, 1985.

Rehearing Denied May 13, 1985.

John M. Skrhak, Jr., Dallas, for appellant.

Carter L. Hampton, Hurst, for appellee.

Before CARVER, VANCE and MALONEY, JJ.

VANCE, Justice.

Doran Chevrolet-Peugeot, Inc. appeals from a judgment holding it liable for breach of an express warranty due to General Motors' failure to authorize certain repairs to Helen Ganschow's car. Because we hold that Doran acted as General Motors' agent and was not a party to the warranty, we reverse and render judgment for Doran.

In fifteen points of error Doran contends that there was no evidence to raise a fact issue as to Doran's liability on the warranty and there was no evidence to support the amount of actual damages awarded to Ganschow. We agree that there was no evidence to raise a fact issue as to Doran's liability on the warranty.

The warranty expressly states that "Chevrolet Motor Division, General Motors Corporation warrants each new 1982 car." Although the warranty advises the car owner to take his car to an authorized dealer for examination in the event of a problem, it does not expressly obligate the dealer on the warranty. Moreover, there is no evidence of a separate agreement be-

tween Doran and Ganschow that would obligate Doran on the warranty.

Ganschow claims that when Doran's service writer made a determination as to whether the needed repairs were covered under the warranty, Doran became liable as a principal on it. This is not the case. Doran was never a party to the warranty. It was merely acting as General Motors' agent in determining whether the repairs were covered under the warranty. It is well established that an agent who acts on behalf of a disclosed principal is not liable to the third party for any breach of contract by the principal. Under those circumstances, only the disclosed principal, here General Motors, is liable. *Wright Waterproofing Co. v. Applied Polymers of America*, 602 S.W.2d 67, 69 (Tex.Civ.App.—Dallas 1980, writ ref'd); *Talmadge Tinsley Co., Inc., v. Kerr*, 541 S.W.2d 207, 208–09 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

Thus, Doran acted merely as General Motors' agent in examining the car under the warranty and is not responsible for any breach of warranty by General Motors. We reverse and render judgment for Doran.

Reversed and rendered.