388 P.2d 414

**Harry S. MULBACH, Plaintiff and Respondent,**

v.

**W. Lynn HERTIG, Defendant and Appellant.**

No. 9959.

Supreme Court of Utah

Jan. 22, 1964.

Raymond M. Berry, Salt Lake City, for appellant.

Cotro-Manes & Cotro-Manes, Mark, Johnson, Schoenhals & Roberts, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff obtained a jury verdict and judgment against the defendant for personal injuries and property damages which resulted when he was compelled to drive his truck off the highway to avoid a collision with the defendant's car at the intersection of the Cottonwood Diagonal and 13th East (at about 5100 South) in the southern environs of Salt Lake City. Defendant appeals, claiming that the plaintiff was contributorily negligent as a matter of law; and also assigns error in instructions to the jury.

The facts are reviewed as the jury could have found them from the evidence taken in the light most favorable to the verdict. On March 15, 1962, at about 6:30 p. m., the plaintiff was driving his large cement truck carrying about nine yards of aggregate (about 2,700 pounds per yard) in a northwesterly direction on the Cottonwood Diagonal, an arterial street, toward its intersection with 13th East, while defendant was approaching on 13th East from the south. Defendant stopped at the stop sign and then proceeded into the intersection and into the pathway of the plaintiff's truck, when the latter, in order to avoid the collision, veered his truck sharply to his right and off the highway into the borrow pit, where it overturned, causing the injury and damage complained of.

Defendant's counsel has proceeded from *estimates* as to speed and distance to *precise refinements* down to fractions of seconds of time and feet and inches of distance to demonstrate that at the time defendant was at the stop sign the plaintiff must have been at sufficient distance away that he could have stopped or so controlled his truck as to avoid the collision. No useful purpose would be served by setting forth and analyzing these niceties. It may well be that had plaintiff kept a constant watch directly upon the defendant and nothing else, he might in some manner have avoided this accident. But in the exercise of due care he could not very well do so, but was also obliged to be alert to other possible dangers on the highway and particularly at the intersection.[1]

Inasmuch as plaintiff was on the arterial street and had the right of way, he

1. See Martin v. Stevens, 121 Utah 484, 243 P.2d 747.

was entitled to assume that the defendant would accord it to him until something warned him to the contrary. Under the evidence the jury could have found that defendant did not honor plaintiff's right of way,[2] but suddenly ran out into the intersection and into the plaintiff's line of travel when the latter was so close that he could not have done anything other than he did to avoid a crash. The fact that there was no actual impact is not important because the negligence found could and did proximately cause plaintiff's injury and damage just as effectively as if there had been a collision.[3]

It is our conclusion that there was ample basis in the evidence to support the trial court's submission to the jury of the questions as to negligence, contributory negligence and proximate cause; and that the instructions by which this was done, while not completely flawless, when considered all together, as they should be, presented those issues in a fair and understandable manner and without prejudice to the defendant.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.

2. See statement on right of way in Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680.

