400 P.2d 506

**BEEHIVE SECURITY COMPANY, a Utah corporation, Plaintiff and Appellant,**

v.

**Fred G. BUSH, a/k/a Giles F. Bush, Defendant and Respondent.**

No. 10221.

Supreme Court of Utah.

March 30, 1965.

Biele, Jones & Murphy, James A. Murphy, Salt Lake City, for plaintiff-appellant.

G. Hal Taylor, Salt Lake City, for defendant-respondent.

WADE, Justice.

The Beehive Security Company, an industrial loan corporation, appellant herein, filed a complaint containing two causes of action in which it sought recovery for sums allegedly due on two promissory notes secured by mortgages in two separate accounts with it and for the foreclosure of the mortgages. One of the causes of ac-

tion on an account was dismissed at pretrial by the court. No appeal was taken from this action by the court. The cause of action based on the other account was tried to the court without a jury. The issue presented, and which the trial court found adversely to plaintiff Beehive, was the defendant's contention that even though this note and mortgage appeared to be valid on its face, it was not binding upon him because it did not result from any valid transaction for which he received consideration.

The record discloses that the books of the Beehive Security Company did not accurately reflect its transactions in all instances, and there appeared therein a number of fictitious accounts. Respondent Bush had dealt with appellant for a number of years, and he testified that on occasions he had signed documents which were to be filled in later by appellant. As to the account for which he was being sued in the instant case, he testified that he never applied for that loan, that he never received any consideration for such loan, and although the promissory note, the chattel mortgage securing such loan, and the endorsement on a check apparently issued for such loan appeared to bear his signatures, that such signatures were forgeries; or if not forgeries, could possibly have been signed in blank in connection with another account on the suggestion of the manager of the Beehive Security Company that in order to save time he would have his girl fill in the blanks later. Mr. Bush further testified that at no time did he own a Ford dump truck such as described in the mortgage taken as security for the purported loan to him. Evidence was introduced that neither Mr. Bush nor any third party connected with him had ever owned the described truck. There was uncontroverted evidence that payments by Mr. Bush were credited to this account which Mr. Bush never made and which the Beehive Security Company tried to explain by saying such credits were mistakenly made. A handwriting expert testified that the signatures on the promissory note, mortgage and the endorsement on the check appeared to be signed by the same person.

The court found that Mr. Bush did not receive any consideration for the completed note and mortgage in question nor did he authorize anybody else to fill in said note and mortgage.

The only question presented for determination is the sufficiency of the evidence to sustain the trial court's findings. It needs no citation of authorities that this court views the evidence in a light most favorable to the prevailing party. There is no disagreement that in order to sustain findings avoiding the effect of the documents in question the evidence must be

clear and convincing.[1] We are of the opinion that the evidence amply sustains this requirement.

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

---

1. Pace v. Parrish, 122 Utah 141, 247 P. 2d 273; Greenwell v. Duvall, 9 Utah 2d 89, 338 P.2d 118; Universal C. I. T. Credit Corp. v. Sohm, 15 Utah 2d 262, 391 P.2d 293; Child v. Child, 8 Utah 2d 261, 332 P.2d 981.