410 P.2d 767

**CITIZENS CASUALTY COMPANY OF NEW YORK, a corporation, Plaintiff and Respondent,**

v.

**George L. HACKETT, Defendant and Appellant.**

No. 10334.

Supreme Court of Utah.

Feb. 3, 1966.

Gordon A. Madsen, Salt Lake City, for appellant.

Irwin Arnovitz, Salt Lake City, for respondent.

McDONOUGH, Justice:

Plaintiff sues and upon a trial to the court recovered judgment against the defendant, George L. Hackett, for $4,671.96 insurance premiums which the court found he had collected and failed to remit to the plaintiff. Defendant appeals.

The defendant contends that the court erred in: 1) not dismissing the controversy on grounds of res judicata and on grounds that the plaintiff's certificate of authority to transact business in Utah was invalid; 2) that the pretrial order was construed too narrowly—not including the issue of the invalidity of plaintiff's certificate of authority; and 3) in not holding that there was, in fact, never any contract of insurance.

The plaintiff, Citizens Casualty Company of New York, is an insurance company writing public liability and property damage insurance on motor vehicles. George Hackett, representing the company in Utah as agent or broker, solicited insurance from Nielson Trucking Company, who placed an order with Hackett for a public liability and property damage policy. Pursuant to Hackett's request, the plaintiff company on October 24, 1958 sent defendant a telegram accepting the risk and "binding Nielson Trucking Company as of October 27, 1958 with Policy CGA 1103 * * *"; and similarly advised the ICC and the Utah Public Service Commission. Correspondence continued between the parties, with no issuance of a policy until April 7, 1959. However, a notice of cancellation had been sent on March 6, 1959 which was to be effective on April 7, 1959.

In addition to the public liability and property damage insurance, the defendant provided cargo insurance for Nielson

through another company at a premium rate of sixty cents per $100 worth of gross receipts. The premium rate for the liability and property damage insurance was also based on the gross receipts of the company. The gross receipts amounted to $157,670.15 for the period of October 25, 1958 through April 7, 1959. Total premiums received by Hackett amounted to $6,932.70 of which $943 was the charge for the cargo policy for that period. Deducting that amount from the total leaves $5,989.70 applicable to the coverage in question. Hackett was entitled to 22% commission, leaving $4,671.96 owing to the plaintiff, as found by the lower court, for premium on the public liability and property damage coverage to Nielson.

The defendant contends that a former case, Citizens Casualty Company v. Keith J. Coons and George Hackett, No. 127263 in the Third District Court, Salt Lake County, State of Utah, is res judicata of the present action. A motion to dismiss on that ground was presented to the lower court and denied. Neither the argument thereon, nor the record in the other case, nor any sufficient facts are included in this record to support the contention made.

We find no merit in the contention of the defendant that the pretrial order was construed too narrowly. It stated:

"The sole issue is whether or not the defendant has misappropriated certain moneys to which the plaintiff claims it is entitled."

The pretrial order controls the issues of the case where it is made without objection and no motion is made to change it, unless it is modified at the trial to prevent a manifest injustice.[1] Defendant avers that such a motion was made at the beginning of the trial but the record does not support his contention. His counsel stated: " * * * I would like to make a motion that the Court take judicial notice of the proceedings held in this case, the pretrial that was held in Judge Hansen's office and other matters." Continuing, counsel for defendant then asked the court to try this case with two companion cases, which request the court subsequently denied. We think the court properly limited the trial to the misappropriation of funds which were allegedly paid to the defendant for insurance premiums. This construction of the pretrial order made it unnecessary for the trial court to rule on the question of the alleged invalidity of the plaintiff's certificate of authority to transact business in this state.

We do not agree with the position taken by defendant: that there was never

---

1. See Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961); Crowell v. Braly, 169 Cal.App.2d 352, 337 P.2d 211 (1959); Johnson v. Citizens Casualty Company of New York, 63 N.M. 460, 321 P.2d 640 (1958) and cases there cited. See Rule 16, Utah Rules of Civil Procedure.

a·consummation of a contract of insurance. On appellate review, we survey the evidence in the light most favorable to the trial court's findings.[2] The telegram of October 24, 1958 referred to above was what is known in the insurance trade as a "binder" which committed the plaintiff on the insurance coverage requested and made it liable just as if the policy had been issued. This procedure is common in the insurance business in order to effect coverage while the details of a transaction are being worked out.

The argument the defendant makes is that the binder was invalid because the policy of insurance was not issued within the 150 day period provided for in Sec. 31–19–21(2), U.C.A.1953, which reads:

> "No binder shall be valid beyond the issuance of the policy as to which it was given, or beyond 150 days from its effective date, whichever period is the shorter."

■ In this provision, we see nothing to aid the defendant. Under it the binder issued by the plaintiff would be valid for up to 150 days from the date of its issuance which was October 27, 1958. This would have been until March 25, 1959. But the plaintiff gave notice of cancellation of the coverage prior to the latter date, that is on March 6, 1959, stating that it would be cancelled in 30 days. While it is not of critical importance here, this extended the coverage about 12 days.

■ In view of the fact that the plaintiff actually furnished this insurance coverage to Nielson at the request of the defendant Hackett; and Hackett received payment therefor, we are entirely in accord with the findings and judgment of the trial court that he should remit the money he so received to the plaintiff. This is as required by Sec. 31–17–22(2), U.C.A. 1953, which states that: "All funds representing premiums * * * received by an agent, solicitor or broker, shall be held by him in his fiduciary capacity, and shall be promptly accounted for and paid to the insured, insurer, or agent as entitled thereto."

■ In conformity with the cardinal rules of review which we have had occasion to affirm in prior cases, it is our duty to indulge the presumption that the findings and judgment of the trial court are correct; and to affirm unless the appellant sustains the burden, which is his, of demonstrating to the contrary.[3]

---

2. See Wallace v. Build, Inc., 16 Utah 2d 401, 402 P.2d 699 (1965); Prudential Federal Savings & Loan Association v. William L. Pereira and Associates, 16 Utah 2d 365, 401 P.2d 439 (1965); Beehive Security Co. v. Bush, 16 Utah 2d 328, 400 P.2d 506 (1965); Barnhart v. Civil Service Employees Insurance Co., 16 Utah 2d 223, 398 P.2d 873 (1965).

3. See statement in Charlton v. Hackett, 11 Utah 2d 389, 390, 360 P.2d 176 (1961).

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and CROCKETT, WADE, and CALLISTER, JJ., concur.