483 P.2d 427

Kenneth G. THOMPSON, Plaintiff and Respondent,

v.

Dean VAN WAGENEN, Defendant and Appellant.

No. 12188.

Supreme Court of Utah.

April 1, 1971.

Tuckett, J., did not participate.

Leon M. Frazier, of Frazier & Wood, Provo, for appellant.

J. Duffy Palmer, Rodney S. Page, of Hess, Palmer & Van Wagenen, Clearfield, for respondent.

CROCKETT, Justice:

Plaintiff Kenneth G. Thompson sued the defendant Dean Van Wagenen for damages resulting to plaintiff's automobile in a no-contact accident when the defendant's car, going westward from Ogden along the on-ramp into U–79, cut so close in front of the plaintiff's car that it created an emergency situation in which plaintiff threw on his brakes, skidded and overturned. Upon a trial, the district court found the issues in favor of the plaintiff and awarded damage, stipulated as to amount, $2,144.94.

Defendant states seven points on appeal, all of which relate to the usual contentions in this type of case: that the evidence does not support the findings of (1) defendant's negligence, nor of (2) proximate cause; and (3) that it does show plaintiff's contributory negligence was the cause of the damage. In support of those points defendant argues that on the basis of the evidence the trial court should have ruled in his favor on those issues because from a long distance away (about one half mile) the plaintiff should have seen defendant coming into the

highway along the on-ramp, which he should have been watching for in-coming traffic; and that he could have moved over to his left into the other lane of traffic and thus have avoided any conflict with the defendant's course of travel.

There no doubt would be merit to the defendant's argument if we could properly do as he has done in his brief: select those aspects of the evidence and the inferences to be drawn therefrom which are favorable to his contentions. However, as we are constantly reiterating, difficult as it seems to be for a losing party to see the other point of view, the law has long been established to the contrary: that we survey the evidence and whatever reasonable inferences may fairly be drawn therefrom in the light favorable to the findings and judgment.[1]

The accident happened on the morning of the 28th of March, 1968. Plaintiff was driving his car west on U–79 at a speed of about 60–65 m. p. h. approaching the point where traffic from Freeway I–15 (north-south) enters U–79 to go west by means of a ramp and merging lane along its north side. Defendant was also traveling west. As he came along this ramp

and into U–79 he passed a plain-to-be-seen yield right of way sign. Instead of staying in the merging lane until he could properly and safely move into the thru lane, he pulled in front of the plaintiff so close that the vehicles practically collided. In order to avoid hitting the defendant, the plaintiff quickly applied his brakes and swerved his car. This resulted in its skidding sideways, hitting a guardrail and overturning and causing the damages sued for.[2]

Defendant, although aware that an accident had resulted, continued onward. A Mrs. Mary Stover, a motorist who had been following behind plaintiff's car, chased the defendant down, pulled him over, and urged him to return. He did so, but drove past the accident, not bothering to stop. His identity was later ascertained thru the license plate number which Mrs. Stover had made a note of.

The thru traffic on the highway (the plaintiff) had the right of way over the merging traffic (the defendant);[3] and he had the right to rely thereon until in the exercise of reasonable care he saw something to warn him to the contrary.[4] It matters not that it now appears from

1. See Citizens Cas. Ins. Co. of N. Y. v. Hackett, 17 Utah 2d 304, 410 P.2d 767.

2. Recovery allowed though no contact between vehicles, see 25 Am.Jur., p. 682; Mulbach v. Hertig, 15 Utah 2d 121, 388 P.2d 414.

3. That traffic on arterial highway had right of way over vehicle entering therein, see Marsh v. Irvine, 22 Utah 2d 154, 449 P.2d 996.

4. Bates v. Burns, 3 Utah 2d 180, 281 P.2d 209.

hindsight that there may have been some means by which the plaintiff could have avoided the accident. This is not the test to be applied. A person who, without negligence on his own part, is suddenly confronted with an unexpected hazard, is not required to use the same judgment that may afterward seem to have been a safer choice. He is only required to exercise the degree of care which an ordinary reasonable and prudent person would have exercised under similar circumstances.[5]

The defendant has had what he is entitled to: a resort to a court, with a full and fair opportunity to present his evidence and his contentions relating to the issues in controversy; and has had them resolved by the court making findings and rendering judgment thereon. Referring generally to his several attacks thereon we make these observations: When the processes of justice have taken their course in the trial court, culminating in findings and a judgment, it is essential that they have some solidarity. Serving that objective are the well known rules of review which give them the presumption of verity and correctness. The reasons usually assigned are the advantaged position and the prerogatives of the trial court. Further, and in harmony therewith,

it is plain to be seen that to the extent judgments can easily be upset, the processes of justice are weakened, and confidence in the courts who render them is undermined. Conversely, the degree of respect given to judgments bears a direct relationship to the quality of the processes of justice and to the confidence reposed in the courts. This is not meant to gainsay nor to disparage the right nor the propriety of appeal and review to correct errors of substance. But it is in accord with what we think is the correct policy: that minor irregularities or errors should be disregarded, and that the action of the trial court should not be upset as to findings of fact so long as they have reasonable and substantial support in the evidence; nor as to the law, unless the trial court acted under some substantial mistake or misunderstanding of the law which may have materially affected the result.[6] We are not persuaded that any such circumstance exists here.

Affirmed. Costs to plaintiff (respondent).

CALLISTER, C. J., and HENRIOD, and ELLETT, JJ., concur.

TUCKETT, J., does not participate herein.

5. See Howard v. Ringsby Truck Lines, 2 Utah 2d 65, 269 P.2d 295.

6. See Jensen v. Logan City, 89 Utah 347, 57 P.2d 708; and Rule 61, U.R.C.P.