132

486 P.2d 383

**NATIONAL ADVERTISING COMPANY, a
corporation, Plaintiff and Respondent,**

v.

**The UTAH STATE ROAD COMMISSION
et al., Defendants and Appellants.**

No. 12198.

Supreme Court of Utah.

June 14, 1971.

Vernon B. Romney, Atty. Gen., Donald S. Coleman, Asst. Atty. Gen., Salt Lake City, for defendants-appellants.

Parsons, Behle & Latimer, Gordon L. Roberts, Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Defendant State Road Commission seeks to reverse a decree of the district court which prohibits it from removing an outdoor advertising sign maintained by the plaintiff National Advertising Company near the intersection of arterial highways, 21st South and Redwood Road in Salt Lake City.

The Commission's position is that the sign in question was erected and is maintained in violation of the "Highway Beautification Act"[1] and the order of the Commission with respect to said sign. Plaintiff has had a lease on property near the intersection since 1959, and since 1964, has maintained an advertising sign thereon. Subsequent to May of 1967, the effective date of the Highway Beautification Act, and after considerable change in the highways by the construction of an elevated freeway along 21st South, officers of the plaintiff and of the Road Commission met at the site to discuss the erection of a new sign because the old one had practically lost its usefulness. The evidence is in dispute both as to the detail of what was discussed and what was agreed upon, except that both sides understood that it was necessary and desirable that there be some change in the size, height, location, and the direction the sign faced.

Pursuant to the discussion the Road Commission issued a permit for a sign near that intersection. But it recited the same specification of size as the old sign. Consequent thereto the plaintiff erected a considerably larger sign, and about 35 feet north of the old sign, costing about $5,000. Unfortunately, it now appears that there was an overlap in the existence of the signs in that the plaintiff did not remove the old sign until about 60 days after the new one was constructed. Thereafter the Commission, pursuant to notice to the plaintiff, sought to have the new sign removed, and after some hearings and subsequent negotiations and communications between the parties, ordered that it be taken down. Plaintiff thereafter initiated this proceeding in the district court denominating it an appeal from the Commission's ruling; and also stated a separate cause of action seeking an injunction against enforcement of the Commission's order.

The Road Commission interposed the objection that the proceeding in the district court was not commenced within

1. Secs. 27–12–136.1 through 136.13 U.C.A.1953.

the 30 days its Rule No. 25 allows for taking an appeal from its decision. We agree with the plaintiff that the Commission could not by rule limit the rights a party would have under the law. But it happens to conform with what the law would be anyway.[2] It is true that the record shows a certified mailing to plaintiff of notice of decision several months before the court action was initiated. But it is also true that the plaintiff sought modification and change in the order and that there continued to be negotiations and correspondence between the parties concerning the carrying out of the requirement imposed by the Road Commission until what appears to be a definite and final refusal of the Commission to change its order on July 11, 1969.[3] The court proceeding was initiated within the 30 days thereafter on July 22. We therefore deem it in the interest of justice to accept plaintiff's contention that the trial court was within its prerogative and had jurisdiction to review the action of the Commission.[4]

2. See Rule 81, U.R.C.P., regarding review of actions of administrative agencies.

3. The detail of the events would unduly and unnecessarily extend the opinion, but they include the fact that under plaintiff's claims it promptly (within four days after receiving notice) requested by letter of April 3, 1969, an extension of time to appeal; and that by a letter of April 8 the Commission granted such extension, also referring to what should be done about the sign; and that there continued to be negotia-

Significant among the findings upon which the trial court based its determination that the defendant should not remove the sign are:

* * * As [of] the effective date of the Highway Beautification Act, said Plaintiff had property rights and outdoor advertising privileges on the property in question. The *new sign* constructed, reading for American Oil Company, *was a continuation* of the existence of said outdoor advertising and *property rights of plaintiff* with the knowledge, consent, and lawful permit of the State Road Commission.

*Said sign,* which the Road Commission seeks to have removed, was the subject of a valid permit granted by the Road Commission, through its authorized officers. The construction and maintenance of that sign *was within the intention and purpose of the permit granted.*

tions from which the plaintiff could reasonably believe the matter was not closed until the final action of the committee on July 11.

4. That a party aggrieved or adversely affected by an arbitrary action of an administrative agency or executive official should have access to the court and redress, see Entre Nous Club v. Toronto, 4 Utah 2d 98, 289 P.2d 670; and see also Skelton v. Lees, 8 Utah 2d 88, 329 P.2d 389.

The court stated further:

Defendants have not offered to pay just compensation for the removal of said sign, nor is there any evidence before the Court that there are funds available for payment of just compensation under these circumstances as required by Utah Code Annotated, Section 27–12–136.11 (1953).

The candid admissions of the Road Commission's own officer Mr. Mercer Smith, who engaged in the negotiations for it, pretty well corroborate and justify the conclusion arrived at by the trial court:

Q   I am asking you if you agree with his testimony.

A   If a permit was granted, with perhaps a relocation of the sign?

Q   You did discuss the enlargement of the sign?

A   Yes.

Q   And you stated you had objection?

A   No.

Q   And you also discussed the sign would have to be higher to read from the Twenty-First South Expressway?

A   True.

\*    \*    \*    \*    \*    \*

Q   So isn't it a fact, Mr. Smith, even based on your own testimony, that when you issued this permit you realized that the sign that was to be constructed had the following differences from the previous sign?

No. 1, is there would be a 90-degree turn there?

A   Right.

Q   And No. 2, it would be a larger sign?

A   True.

Q   True.  Even though the permit does not speak in terms of a larger sign you knew that was what they were thinking about, and that was what the permit covered?

A   Right.

Q   And No. 3, presumably there would have to be additional pole structure to support the larger sign?

A   True.

\*    \*    \*    \*    \*    \*

Additional insight into the real reason for the controversy which resulted in this proceeding is revealed by the final question asked Mr. Smith on cross-examination and his frank and truthful answer:

Q   And specifically what—Is it true that what bothered you, you went out there and inspected and it was *the two signs*

*existing at the same time?* Is that what kind of got you?

A Yes.

There is a basis in the evidence from which the trial court could reasonably believe that the plaintiff had established a nonconforming prior use of an advertising sign visible to the traveling public at that location; that in order to continue its use effectively there had to be some substantial changes for which permission of the defendant was sought; that the changes were made substantially within the purview of the negotiations of the parties and with either the consent or at least without serious objection from the Road Commission until the new sign was completely constructed; and that there has been no procedure by the Commission to remove the sign and pay just compensation therefor as provided in the Highway Beautification Act.[5] Under the total circumstances shown, the Road Commission has failed in its burden of persuading this court that the action of the trial court should be overturned.[6] (All emphasis added.)

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., concurs in the result.

5. See Sec. 27–12–136.11, U.C.A.1953.
6. See Citizens Casualty Co. of New York v. Hackett, 17 Utah 2d 304, 410 P.2d

767, 769; Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176.