Millie HATCH, Plaintiff and Appellant,

v.

Kenneth BASTIAN and Patricia Bastian, his wife, et al., Defendants and Respondents.

No. 14784.

Supreme Court of Utah.

July 27, 1977.

---

**10.** 58–37–2(6) and (8), U.C.A., 1953 as amended.

**11.** See Laws of Utah, 1971, Ch. 145, Sec. 20 and 58–37–19, U.C.A., 1953 as amended.

Lynn W. Mitton of Mitton & Mitton, Roosevelt, for plaintiff and appellant.

Raymond A. Hintze of Walker & Hintze, Inc., Salt Lake City, R. Earl Dillman, Roosevelt, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Millie Hatch sued the defendants Kenneth and Patricia Bastian seeking recission or reformation of a Warranty Deed by which she had conveyed farm lands in Uintah County to them. (She also joined as defendants the United Farm Agency and O. B. Oberhansley, real estate agency and broker who had handled the transaction, alleging improprieties in respect to such services. But for reasons not material here, they are not parties to this appeal.) Upon a

trial to the court, it made findings and entered judgment in favor of the defendants. Plaintiff appeals, contending that this court should make findings justifying the reformation of the Deed.

In September 1972, Millie Hatch listed for sale with United Farm Agency and Oberhansley 86 acres of farm land for $34,000. A year later Mr. Oberhansley presented an offer of $21,000 by the Bastians, to Mrs. Hatch, which she rejected. The Bastians then submitted an offer of $34,000, which Mrs. Hatch accepted. Whereupon Mr. Oberhansley prepared, and Mrs. Hatch executed, a Warranty Deed, regular in form, conveying the property to Bastians. But it contained no reference to, or reservation of, oil rights.

The following year, late in 1974, the parties became aware that an oil drilling rig had been put up on the property. Upon plaintiff's inquiry, she was informed by the defendants Bastian and Mr. Oberhansley that since her deed had contained no reservations of oil or mineral rights she no longer had any interest therein. This lawsuit resulted.

Plaintiff's argument that the deed should be reformed rests principally on testimony to the effect that she had instructed the broker Oberhansley that no more than 20 shares (presumably representing that portion of the acreage, 20/86ths) of the mineral rights were to be included in the sale; and the rest were to be retained by her; and that she had relied upon his assurances that the Warranty Deed would convey no more than that. There is also some evidence to the effect that the Bastians themselves were not aware of nor concerned with oil rights at the time of the original transaction. On the other hand, Mr. Bastian testified that he had intended to purchase the property and all rights therein owned by the plaintiff.

It is true, as the plaintiff argues, that inasmuch as this is a case in equity this court *may* review the evidence and make its own findings of fact if it is convinced that

the interests of justice so require.[1] Nevertheless, there are several difficulties with the position essayed by the plaintiff. A primary one is that when a Warranty Deed is duly executed, without any reservations therein, it conveys all of the rights and interests the grantor has in the property.[2] In order to circumvent that result by reforming the deed she had the burden of proving by clear and convincing evidence that there was a mutual mistake of fact.[3] Plaintiff having failed to so convince the trial court, on appeal she has the burden of convincing this court that the trial court was in error.[4]

Even though we may review the evidence, the proposition is well grounded in our law that due to the advantaged position of the trial court, we indulge considerable deference to his findings and do not interfere with them unless the evidence so clearly preponderates against them that this court is convinced that a manifest injustice has been done.[5] On the basis of what has been said above concerning the dispute in the evidence and the burdens of proof, we are not persuaded that the findings and judgment should be overturned.

Affirmed. Costs to defendant (respondent).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

1. Utah Const., Art. VIII, Sec. 9, providing for appeals says: " . . . in equity cases the appeal *may* be on questions of both law and fact; . . . "; and see *Barker v. Dunham,* 9 Utah 2d 244, 342 P.2d 867. (Emphasis added.)

2. See Sec. 57–1–12, U.C.A.1953, which provides that such a deed when executed shall have the effect of a conveyance in fee simple in the premises therein named, together with all the appurtenances, rights and privileges thereunto belonging. Any exceptions to such covenants may be briefly inserted in such deed following the description of the land; and see *Petrofesa v. Denver & Rio Grande Western R. Co.,* 110 Utah 109, 169 P.2d 808.

3. *Ingram v. Forrer,* Utah, 563 P.2d 181.

4. That in order to reverse appellant has the burden of showing both error and prejudice, see *Burton v. Zion's Mercantile Institution,* 122 Utah 360, 249 P.2d 514; *Citizen's Casualty Co. v. Hackett,* 17 Utah 2d 304, 410 P.2d 767; 5 C.J.S. Appeal and Error § 1533.

5. *Wiese v. Wiese,* 24 Utah 2d 236, 469 P.2d 504.