UTAH CHIROPRACTIC ASSOCIATION, INC., Plaintiff and Appellant,

v.

EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES and Deseret Mutual Benefit Association, Defendants and Respondents.

No. 15345.

Supreme Court of Utah.

May 4, 1978.

Daniel L. Berman, Gordon Strachan, Patricia W. Christensen, Berman & Giauque, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., William G. Gibbs, Sp. Asst. Atty. Gen., F. Burton Howard, Robert M. Dyer, David A. Westerby, of Kirton, McConkie, Boyer & Boyle, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

Plaintiff, Utah Chiropractic Association, Inc., appeals from an order of the district court dismissing plaintiff's appeal from a decision of the Insurance Commissioner. The district court ruled that since plaintiff failed to file its petition for review within one month of the Commissioner's decision, the court was without jurisdiction to entertain the appeal. The sole question before this court is, to what extent do the Utah Rules of Civil Procedure govern the timeliness of appeals from the Insurance Commissioner's decisions to the District Court of Salt Lake County? We reverse, and hold plaintiff filed its petition for review within the time allowed by the rules. Costs to plaintiff. All statutory references are to Utah Code Annotated, 1953.

On April 30, 1976 plaintiff requested the Commissioner of Insurance to investigate alleged violations of Utah's Insurance Equality Law, section 31–27–24, by the defendants, the Equitable Life Assurance Society of the United States and Deseret Mutual Benefit Association. Hearings were scheduled and held December 21 and 22, 1976, but the Commissioner did not sign his findings and order, which rejected plaintiff's claims of discrimination, until April 25, 1977. That same day the Commissioner mailed the order to plaintiff's attorneys, who received it on April 26. Desiring a review of the issues by the district court, plaintiff appealed to the Salt Lake County District Court pursuant to section 31–4–9, filing its petition there on May 27, 1977.

Defendants moved the court to dismiss the appeal, asserting that under rules 81 and 73 of the Utah Rules of Civil Procedure, plaintiff had failed to file its appeal within one month and that the district court therefore had no jurisdiction. With this assertion the district court agreed, and entered an order dated July 8, 1977, dismissing the appeal.

█ Sections 31–4–9 through 31–4–11 explain the manner in which an appeal from the Insurance Commissioner's decision is taken. Omitted from these sections is a limit on the time one can take to comply with the appeal process. We agree with the district court that the Rules of Civil Procedure supplement the statute and provide a one month limit. Rule 81(d), adopted by this court on January 20, 1972, provides:

These rules shall apply to the practice and procedure in appealing from or obtaining a review of any order, ruling or other action of an administrative board or agency, except insofar as the specific statutory procedure in connection with any such appeal or review is in conflict or inconsistent with these rules.

Although the Insurance Code specifically outlines procedures governing appeals from the Insurance Commissioner's decisions, there is nothing therein which is inconsistent or in conflict with the application of the Rules of Civil Procedure which provide for a limit on the time to appeal. In *National Advertising Co. v. Utah State Road Com-*

*mission,*[1] we stated the time limit on appeals in the Rules of Civil Procedure applied to a review of the Road Commission, although the Commission had formulated its own rule on timeliness. Rule 81(d) makes it clear the one month time limit for appeals in Rule 73 applies to appeals from the Insurance Commissioner's decisions, since the statutory scheme fails to provide for any limit.

The parties disagree on which part, if any, of Rule 73 shall apply to this situation. Sections (a) through (g) deal with appeals to the Supreme Court from the district court, while sections (h) through (m) discuss appeals to the district court from the city or justice court. The difficulty with these sections is that neither specifically applies to an appeal from the Insurance Commissioner, who makes no "entry" of his decision in a register of actions or judgment docket. It is helpful to look at section 31–2–10 of the Insurance Code, which states that an order of notice of the Insurance Commissioner should be given "by delivery to the person to be ordered or notified, or by mailing it postage prepaid and registered with return receipt requested . . . ." In connection with this, we note Rule 6(e) of the Rules of Civil Procedure:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

■ Pursuant to Rule 81(d), Rule 6(e) applies to an order of the Insurance Commissioner when it is mailed to the party to be ordered, as in this case. The "prescribed period" here is one month from the date the order was mailed by the Commissioner, since there is no "entry" in a judgment docket which could begin the time period for appeal. Therefore, the plaintiff had one month and three days from the date the order was mailed, or April 25, 1976, within

which to file its petition in the district court. By filing on May 27, the plaintiff timely brought its appeal.

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, C. J., dissents by separate opinion.

ELLETT, Chief Justice (dissenting):

I wish to state my reasons for not agreeing with the prevailing opinion. Our statute[1] requires the hearing commissioner to make an order and to *give a copy* thereof to all parties. The next section provides for the taking of an appeal to the district court.

The only thing which the hearing commissioner is required to do is to *give* a copy of the order to all parties. When he *gives* a copy to a person the matter is then final and the person receiving the copy must appeal therefrom the same as is provided for in Rule 73(a), U.R.C.P.[2]

Rule 6(e), U.R.C.P. relied upon in the main opinion has no bearing on this case. There is no requirement for a party to act prior to the *receipt* of a copy of the order. Whether the order is given by hand or by mail is immaterial. It is the *receipt* of the copy which constitutes the finality of the proceedings; and it is from that date that the time for an appeal should be measured.

In the instant matter the appellant received the notice on April 26. Its appeal then had to be filed with the district court within one month thereafter. It was not required to appeal or do anything else from the date when the order was made or when it was mailed. Therefore the three days extra time under Rule 6(e), U.R.C.P. is not involved. The only question is what is meant by "within one month."

Our Court clearly stated the correct law in the case of *In re Lynch's Estate*[3] as follows:

1. 26 Utah 2d 132, 486 P.2d 383 (1971).

1. U.C.A.1953, Sec. 31-4–9.

2. Rule 81(d), U.R.C.P.

3. 123 Utah 57, 254 P.2d 454 (1953).

One month is a calendar month not a lunar month of 28 days, nor is it necessarily 30 days. *Such a month commences at the beginning of the day of the month on which it starts and ends at the expiration of the day before the same day of the next month. Thus a month which starts with the beginning of the first day of a calendar month would end at the end of the last day of such month, and not at the last end of the first day of the next month.* If the month in question commenced on a day other than the first day of such month, such as at the beginning of the 23rd day of such month, it would end at the expiration of the 22nd day of the next month and not at the expiration of the 23rd day of the next month, which would be the beginning of another month. In the present case we exclude from our calculation the day of the act or event after which the designated period of time begins to run, which is November 22, the day on which the motion was overruled, and start counting from the beginning of the 23rd day of that month; from that time one month would end at the expiration of the 22nd day of December, or just before the 23rd commenced, which marked the beginning of another month.

This was a per curiam opinion and has never been overruled. It was followed in *Anderson v. Anderson*[4] wherein an appeal was taken on March 24 from a judgment entered February 23. This Court held: "It is thus clear that this appeal was not taken in time, that the failure to do so is jurisdictional and noticeable by the court sua sponte. The appeal is dismissed with costs to the respondent."

In the instant matter the appellant *received* the order on April 26. It filed the appeal on May 27 following. By excluding April 26, the day the order was received, the time for calculating the appeal time would commence on April 27th. On May 26th the month would have expired, and the 27th day of May would be the first day of the second month. That would not be *within one month*.

In my opinion the appeal was not timely filed and should have been dismissed.

I would affirm the ruling of the trial court and award costs to the respondent.

---

4.   3 Utah 2d 277, 282 P.2d 845 (1955).