594 P.2d 1332 (1979)
FMA ACCEPTANCE COMPANY, Plaintiff and Appellant,
v.
LEATHERBY INSURANCE COMPANY, Globe General Agency, Carl A. Hulbert, and Carl F. Warnick, Defendants and Respondents.
Nos. 15871, 15914.
Supreme Court of Utah.
April 17, 1979.
Milo S. Marsden and David F. Klomp, of Marsden, Orton & Liljenquist, Salt Lake City, for plaintiff and appellant.
Ray R. Christensen, Donald J. Winder, Salt Lake City, for defendants and respondents.
HALL, Justice:
Plaintiff, FMA Acceptance Company, (hereinafter "FMA"), appeals from a summary judgment of dismissal of its cause of action against defendants, Carl F. Warnick, *1333 (hereinafter "Warnick"), and Carl A. Hulbert, (hereinafter "Hulbert"), for failure to state a claim for negligence and conversion. FMA also appeals the refusal of the trial court to grant its motion to amend the complaint and the granting of costs to Hulbert and Warnick.
Defendant, Globe General Agency, (hereinafter "Globe"), is the corporate agent of defendant, Leatherby Insurance Company, (hereinafter "Leatherby"), and Hulbert and Warnick each hold individual agent's certificate of appointment from the State of Utah as agents of Leatherby. Hulbert founded Globe and is the sole shareholder (with the exception of qualifying shares). Warnick is president and Hulbert is secretary-treasurer and director of Globe.
FMA contracted in writing with Globe to finance insurance premiums. FMA would pay the insurance premiums of Globe's customers desiring financing and take an assignment of the insured's interest in the insurance contract. The contractual agreement, and the insurance policies as well, provided that Globe would pay over to FMA all unearned premiums resulting from policy cancellations.
No unearned premiums were refunded. FMA made claim for $34,945.48 and negotiated with Hulbert and Warnick for payment. This resulted in a referral to a certified public accountant for an audit which confirmed that the sum of $26,035.44 was owing but that the remaining sum of $8,909.64 required further analysis.
Globe sold its business to Leatherby without completing the accounting and without making any refunds and such prompted the filing of this action.
As indicated by the trial court, its summary judgment resolved two issues: (1) that Hulbert and Warnick were not agents within the meaning of U.C.A., 1953, 31-17-22(2) so as to place them in the capacity of fiduciaries requiring them to account for unearned premiums, and (2) that there was no actionable negligence on the part of Hulbert and Warnick in the management of the corporate affairs of Globe. In regard to the latter determination, the trial court relied upon the case of Warren v. Robison,[1] stating in its memorandum decision "that Warnick and Hulbert ... meet the standards of Warren v. Robinson [Robison] ... and therefore they are dismissed under plaintiff's Fifth Cause of Action." (Emphasis added.)
In addition to its memorandum decision, the trial court saw fit to formulate written findings of fact,[2] and the following excerpts therefrom are further demonstrative of its ruling:
9. Defendants Warnick and Hulbert did not convert to their own use any unearned premium monies or credits.
10. As officers and directors of defendant Globe General Agency, defendants Warnick and Hulbert exercised ordinary care, skill and diligence over the business affairs of defendant Globe General Agency.
The Warren[3] case appears to be at the very nub of this appeal. Despite the fact that the trial court relied upon Warren in reaching its decision, Hulbert and Warnick urge this Court to expressly overrule it. They no doubt do so in recognition of the fact that said case is not supportive of summary judgment and, on the contrary, would appear to dictate that a trial be had on the merits.
In Warren, the plaintiffs therein sued the directors and officers of a bank for negligence in the management of a bank. *1334 The trial court granted a nonsuit, and plaintiffs appealed. This Court determined that directors and officers may be personally liable for negligence in the management of corporate affairs, reversed the trial court, and remanded the matter for trial. In doing so the following standard of care was established:
... The rule most in harmony with the character and well-being of such an institution appears to be that the directors, in administering its affairs, must exercise ordinary care, skill, and diligence. Under this rule, it is necessary for them to give the business, under their care such attention as an ordinarily discreet business man would give to his own concerns under similar circumstances, and it is therefore incumbent upon them to devote so much of their time to their trust as is necessary to familiarize them with the business of the institution, and to supervise and direct its operations... . If, however, directors, acting in good faith, and with reasonable care, skill, and diligence, nevertheless fall into a mistake, either of law or fact, they will not be liable for the consequences of such mistake. [Emphasis added.]
We are not convinced that the standard of care espoused in Warren should be disturbed. Although there is some division of authority,[4] the standard is well-supported by respected authority.[5]
Turning now to the matter of the trial court's reliance upon Warren, it appears that such reliance was somewhat misplaced. This is so since, although Warren does establish the standard of care to be applied, it stands as no authority for the proposition that factual issues such as are present here may be determined summarily. In fact, the result therein is to the contrary.
Inherent in the trial court's conclusion "that Warnick and Hulbert ... meet the standards of Warren v. Robinson [Robison]" and that "Warnick and Hulbert did not convert ... any unearned premiums," and that they "exercised ordinary care, skill and diligence over the business affairs of Globe," is the determination of disputed issues of fact, viz., conversion and negligence. Said issues should have been reserved for the finder of fact.
A summary judgment is appropriate only where the favored party makes a showing which precludes, as a matter of law, the awarding of any relief to the losing party.[6]
The case of Webb v. Olin Mathieson Chemical Corporation[7] stated the following:
... It is the declared policy of this court to zealously protect the right of trial by jury and not to take issues from them and rule as a matter of law except in clear cases.
The court therein cited Newton v. O.S.L.R. Co.[8] which stated the following:
... unless the question of negligence is free from doubt, the court cannot pass upon it as a question of law; ... if ... the court is in doubt whether reasonable men, ... might arrive at different conclusions, then this very doubt determines the question to be one of fact for the jury and not one of law for the court.
*1335 Issues of negligence ordinarily present questions of fact to be resolved by the fact-finder. It is only when the facts are undisputed and where but one reasonable conclusion can be drawn therefrom that such issues become questions of law.[9]
Applying the foregoing principles to the instant case, it would appear that substantial issues of material fact exist that preclude summary judgment.
The propriety of the trial court's determination that U.C.A., 1953, 31-17-22(2) does not support a private action was not raised on appeal, yet Hulbert and Warnick addressed that issue in their brief. They contend that the case of Milliner v. Elmer Fox and Co.[10] is supportive of the ruling below. However, that case did not interpret the statute presently before us, but concerned an action brought under the Uniform Securities Act[11] which makes it unlawful to make an untrue statement of a material fact or employ any deceptive practice in the offer, sale or purchase of a security. In declining to overturn the dismissal for failure to state a claim on various grounds,[12] the Court observed that although the statute made certain practices unlawful, it made no provision for a private right of action for its violation, and the Court refused to invade the province of the legislature by fashioning a remedy from it.
The holding in Milliner must necessarily be viewed in the light of the facts peculiar to that case and, when so viewed, it is not in conflict with the prior case of Citizens Casualty Company of New York v. Hackett[13] which did interpret the statute now before us. That case involved an action by an automobile insurer against its agent to recover unremitted insurance premiums. In affirming a judgment in favor of the insurer, the Court held as follows:
In view of the fact that the plaintiff actually furnished this insurance coverage to Nielson at the request of the defendant Hackett; and Hackett received payment therefor, we are entirely in accord with the findings and judgment of the trial court that he should remit the money he so received to the plaintiff. This is as required by Sec. 31-17-22(2), U.C.A. 1953, which states that: `All funds representing premiums ... received by an agent, solicitor or broker, shall be held by him in his fiduciary capacity, and shall be promptly accounted for and paid to the insured, insurer, or agent as entitled thereto.'
The facts in Hackett closely parallel those of the instant case and the holding therein appears to dictate a result contrary to that of the trial court. Irrespective thereof, we deem the matter to be moot because the trial court clearly recognized that the statute in no way infringed upon or limited the mode of exercising any and all causes of action otherwise available under the common law.[14] This is evident from the findings of fact, supra, which specifically refer to FMA's claims of conversion and negligence, both of which were ruled upon, as a matter of law, independent of the statute.
The foregoing observations on the question of mootness of issues applies equally well to FMA's further claim of error on the part of the trial court in refusing to permit *1336 an amendment of the complaint to include a claim for conversion. Said issue was expressly ruled upon by the court and without objection. Consequently, said issue remains before the court on remand. However, in the interest of orderly procedure, it may be advisable to again consider the matter of appropriate amendments to the pleadings.
The summary judgment is vacated and set aside, including the award of costs. The case is remanded for further proceedings not inconsistent with this opinion. Costs on appeal to FMA.
CROCKETT, C.J., and MAUGHAN, WILKINS and STEWART, JJ., concur.
NOTES
[1] 19 Utah 289, 57 P. 287 (1899).
[2] See U.R.C.P., Rule 52(a) which renders such unnecessary on decision on motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b).
[3] Supra, footnote 1.
[4] See annotation in 29 A.L.R.3d 660.
[5] Taylor v. Alston, 79 N.M. 643, 447 P.2d 523 (1968); Frontier Milling & Elevator Co. v. Roy White Co-op. Merc. Co., 25 Idaho 478, 138 P. 825 (1914); Preston-Thomas Const., Inc. v. Central Leasing Corp., Okl.App., 518 P.2d 1125 (1974); see also, 3A, W. Fletcher, Private Corporations, Secs. 1135, 1141.
[6] U.R.C.P., Rule 56(c); see Tanner v. Utah Poultry & Farmers Cooperative, 11 Utah 2d 353, 359 P.2d 18 (1961).
[7] 9 Utah 2d 275, 342 P.2d 1094 (1959).
[8] 43 Utah 219, 134 P. 567 (1913).
[9] Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965).
[10] Utah, 529 P.2d 806 (1974).
[11] U.C.A., 1953, 61-1-1, et seq.
[12] (1) No privity of contract; (2) no showing of negligence; (3) failure to join an indispensable party; and (4) inapplicability of the statute.
[13] 17 Utah 2d 304, 410 P.2d 767 (1966).
[14] U.C.A., 1953, 68-3-1, adopting the Common law of England so far as not repugnant or in conflict with Constitution or laws.