**UNITED STATES COURT OF APPEALS**
**Filed 11/12/96**
**TENTH CIRCUIT**

HORTENCIA BETANCOURT, AMY
BETANCOURT, and the ESTATE OF
SALVADOR BETANCOURT, by and
through its Personal Representative,
RICHARD BETANCOURT,

      Plaintiffs-Appellants,

v.

EDGAR V. FETZER and PHIL
WATERS,

      Defendants-Appellees.

No. 95-4170
(D.C. No. 93-C-734J)
(District of Utah)

---

## ORDER AND JUDGMENT[*]

---

Before **BRORBY**, Circuit Judge, **GODBOLD,** [**] Senior Circuit Judge, and
**MCWILLIAMS**, Senior Circuit Judge.

---

On January 3, 1992, at approximately 5:35 p.m., Phil Fell, driving a pick up truck

pulling a horse trailer, collided head-on with an automobile driven by Salvador

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3

[**] Honorable John C. Godbold, Senior Circuit Judge, United States Court of
Appeals for the Eleventh Circuit.

Betancourt on State Highway 191, a rural two-lane highway in southeastern Utah. At the time, Fell was proceeding southbound on Highway 191 and Betancourt, accompanied by his wife and daughter, was proceeding northbound on the same highway. At the moment of impact, Fell's truck had crossed over the center line of the highway. Betancourt was killed in the accident, and his wife and daughter suffered severe injuries.

Minutes prior to the aforesaid accident, Edgar V. Fetzer was driving a rental car southbound on Highway 191 when he was stopped by Utah Highway Patrol Trooper Phil Waters. In his deposition, Trooper Waters stated that Fetzer was going 69-70 miles per hour in an area where the speed limit was 55 miles per hour, and that the only reason he stopped Fetzer was that he was exceeding the speed limit. In stopping Fetzer, Trooper Waters activated his flashing emergency lights. Fetzer responded promptly to the signal by pulling over to the shoulder on the side of the road, and Trooper Waters pulled in directly behind his vehicle. The left tires of both vehicles were on the so-called "fogline," i.e., the solid, white line which separates the travel portion of the highway from the "shoulder." Trooper Waters exited his vehicle and proceeded to Fetzer's vehicle. While questioning Fetzer, Trooper Waters detected an odor of marijuana. Thereafter, Trooper Waters directed Fetzer to stand in front of his car and he went to the right hand side of Fetzer's vehicle and checked the items on the front seat, on the passenger side. At that time, Trooper Waters discovered a small amount of marijuana in a backpack on the front seat.

It was in this setting that Fell, about five minutes after Trooper Waters had stopped Fetzer, came onto the scene. In going around the two stopped vehicles, Fell's vehicle crossed the center lane of the highway and collided with the automobile driven by Salvador Betancourt.

Based on the foregoing events, Hortencia Betancourt, the widow of Salvador Betancourt, Amy Betancourt, the daughter of Salvador Betancourt, and the Estate of Salvador Betancourt, by and through its personal representative, Richard Betancourt, a son of Salvador Betancourt, brought suit in the United States District Court for the District of Utah. Named as defendants were Fetzer and Trooper Waters.[1] The amended complaint set forth in detail the chronology leading up to the fatal accident, which has been summarized above.

In their amended complaint the Betancourts' set forth three claims for relief: one against Trooper Waters based on negligence, a second against Fetzer based on negligence, and a third against Trooper Waters for violating the plaintiffs' civil rights. 42 U.S.C. § 1983. The first two claims were based on diversity of citizenship. 28 U.S.C. § 1332(a). In this connection, the Betancourts were citizens of the State of Washington, Fetzer was a citizen of the State of Alaska, and Trooper Waters was a citizen of the State of Utah. Trooper Waters was subsequently dismissed from the action and that matter is

---

[1]We are advised that Fell died before the present action was filed, and, we are also advised, that the Betancourts resolved their claims against Fell prior to the institution of the present action.

not involved in the present appeal.

In their claim against Fetzer, the plaintiffs alleged as follows:

29. The conduct of defendant Fetzer (a) in operating his motor vehicle in such a manner that resulted in his being stopped by defendant Waters, and (b) in having a small amount of marijuana in his possession, was unreasonable, violated his duty of care to Salvador Betancourt, Hortencia Betancourt and Amy Betancourt, and constitutes negligence.

30. As proximate results of defendant Fetzer's negligence, plaintiffs have suffered the injuries and damages complained of herein, and plaintiffs are entitled to recover from defendant Fetzer for their injuries and damages as more particularly set forth in the Damages Provisions of this Amended Complaint.

After discovery, Fetzer filed a motion for summary judgment. The gist of the motion was that Fetzer did not breach any duty of due care owed the Betancourts. After a hearing, the district court granted Fetzer's motion for summary judgment and dismissed the action with prejudice. In so doing, the district court spoke as follows:

1. There are no material issues of disputed fact and the matters presented are ripe for determination under Rule 56 of the Federal Rules of Civil Procedure;

2. The speeding and marijuana use of Defendant Fetzer are not legal causes of the automobile accident that forms the basis of this action, the speeding and marijuana use being too attenuated in time to have contributed to the accident and any negligence attributable to the speeding and marijuana use ended at the time Defendant Fetzer was pulled over to the side of the road by Defendant Waters;

3. There are no facts upon which a jury could reasonably find that Defendant Fetzer was negligent;

- 4 -

4.  Defendant Fetzer was obligated by law to pull over to the side of the road in response to Defendant Water's signal and Fetzer's legal liability ended when Waters pulled him over to the side of the road;

5.  At such time as the Defendants' vehicles were pulled over to the side of the road, the legal duty of care to other motorists rested upon Defendant Waters.

As indicated, jurisdiction for plaintiffs' claim against Fetzer was based on diversity of citizenship.  28 U.S.C. § 1332(a).  In their amended complaint, the plaintiffs alleged, in effect, that by speeding, thereby precipitating the stop by Trooper Waters, and by having a small amount of marijuana in his possession, which prolonged the detention, Fetzer was negligent.  The plaintiffs further alleged that such negligence was the proximate cause of the damages and injuries suffered by the plaintiffs in the head-on collision with the vehicle driven by Fell.

Under Utah law, in order for a plaintiff to prevail in an action based on negligence, the plaintiff must establish that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach of duty was a proximate cause of injuries suffered by the plaintiff.  *Cruz v. Middlekauff Lincoln-Mercury, Inc.,* 909 P.2d 1252, 1254 (Utah 1996).  Further, "proximate cause" is defined as "that cause which, in natural and continuous sequence, produces the injury and without which the result would not have occurred.  It is the efficient cause--the one that necessarily sets in operation the factors that accomplish the injury."  *Mitchell v. Pearson Enters.*, 697 P.2d 240, 245 (Utah 1985).  However, "[a]n intervening, independent, and efficient cause ordinarily severs whatever

connection there may be between the defendant's [prior in time] negligence and the plaintiff's injuries, unless the intervening cause was foreseeable." *Cruz v. Middlekauff Lincoln-Mercury, Inc.*, 909 P.2d 1252, 1257 (Utah 1996).

In granting Fetzer's motion for summary judgment, the district court stated that, based on the record before it, "[t]he speeding and marijuana use of Defendant Fetzer are not legal causes of the automobile accident that forms the basis of this action . . ." and that "any negligence attributable to speeding and marijuana use ended at the time Defendant Fetzer was pulled over to the side of the road by Defendant Waters."[2] The district court also held that "[t]here are no facts upon which a jury could reasonably find that Defendant Fetzer was negligent."

Although the determinations of negligence and proximate cause are generally questions of fact, to be resolved by a jury, they become questions of law when the undisputed facts permit only one reasonable conclusion. *FMA Acceptance Co. v. Leatherby Ins. Co.,* 594 P.2d 1332, 1335 (Utah 1979); *Ostler v. Albina Transfer Co.*, 781 P.2d 445, 451 (Utah App. 1989). Our study of the record leads us to conclude that the undisputed facts in the instant case show that Fetzer did not breach any duty owed by him to the Betancourts, nor was his conduct, be it negligent or otherwise, a proximate cause of

---

[2]Fetzer had smoked one marijuana cigarette on the morning of January 3, 1992. However, as above stated, the plaintiffs, in charging Fetzer with negligence, did not rely on that fact. Rather, the plaintiffs relied on the small amount of marijuana that was found in Fetzer's possession, as well as speeding.

the automobile accident between Fell and the Betancourts.

As indicated, in their complaint the Betancourts did not allege that Fetzer was negligent in stopping when Trooper Waters activated his flashing emergency lights, nor did they allege that Fetzer stopped in the wrong place. Neither did they base their claim of negligence on the fact that Fetzer admitted that on the morning of January 3, 1992, he had smoked one marijuana cigarette. Rather, the Betancourts based their allegation that Fetzer was negligent towards them on two matters: (1) Fetzer was speeding which caused Trooper Waters to stop him in the first instance, and (2) Trooper Waters, after first detecting an odor of marijuana, proceeded to make a further check resulting in the discovery of a small amount of marijuana in a backpack on the front seat. In this latter regard, the argument apparently is that if Trooper Waters had not detained Fetzer to make this further check, Fetzer would have received his traffic ticket and been on his way before the Fell vehicle collided with the Betancourts' vehicle.

In our view, the fact that Fetzer was speeding, and the further fact that Fetzer had a small amount of marijuana in his possession, do not, under any stretch of the imagination, constitute a breach of any duty owed to the Betancourts by Fetzer. Most certainly, such were not a proximate cause of the Betancourts' injuries. In support of this conclusion, see such cases as *Haworth v. Mosher,* 395 F.2d 566 (10th Cir. 1968) and *Beesley v. United States*, 364 F.2d 194 (10th Cir. 1966).

Both *Haworth* and *Beesley* were cases originating in Oklahoma, but the Utah tort

law relevant to the particular fact situation here involved would appear to be the same as that in Oklahoma. In *Haworth*, we affirmed an order of the district court granting summary judgment to a driver who had stopped his vehicle in a dust storm on the traveled portion of the highway. A series of rear end collisions occurred thereafter. In that case, the plaintiff struck a vehicle in front of him, which vehicle had been stopped by its driver without hitting the vehicle immediately before him. In *Haworth,* we held that the district court correctly ruled that the acts of the first driver in stopping because of the dust storm "were a remote and not a proximate cause of appellant's injuries and the case was appropriately ripe for summary disposition.*" Haworth*, 395 F.2d at 569.

In *Beesley*, a government vehicle ran out of gasoline and came to a stop in a two lane traffic overpass. The plaintiffs' vehicle, which was behind the government vehicle, stopped, but was then struck in the rear by a vehicle which was following them. A trial to the court resulted in a judgment in favor of the government. On appeal, we affirmed. In so doing, we held that the government's negligence was not a proximate cause of plaintiffs' injuries, stating that for proximate cause to exist, "there must be some actual causal connection between the negligence and the injury." *Beesley*, 364 F.2d at 197.

Judgment affirmed.

Entered for the Court,

Robert H. McWilliams
Senior Circuit Judge
